UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| AARON RAISER, | Case No.: 19-cv-0751-GPC-KSC |
| --- | --- |
| Plaintiff, | **ORDER:** |
| v. | |
| SAN DIEGO COUNTY ET AL., | **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Dkt. No. 2];** |
| Defendant. | **AND** |
| | **2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

On April 23, 2019, Aaron Raiser ("Plaintiff"), proceeding pro se, filed a complaint claiming federal and state civil rights violations against the County of San Diego and Does 1–20, inclusive ("Defendants"). Dkt. No. 1, Compl. Plaintiff did not pay the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a) at the time he submitted his Complaint. Instead, he filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). Dkt. No. 2.

**I.    Motion to Proceed In Forma Pauperis**

1

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets.  28 U.S.C. § 1915(a)(1).  A party need not be absolutely destitute to proceed IFP.  *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–340 (1948).

Here, Plaintiff submitted a declaration reporting that he is homeless and lives out of his car.  Dkt. No. 2 at 2.  He has no stable income and earns around $500 to $700 per month doing odd jobs.  *Id.* at 1.  Plaintiff has $350 in savings and owns a 2016 Dodge Dart with a value of around $8000.  *Id.* at 2.  It does not appear that Plaintiff has any other assets nor has any debts.  *Id.*  He claims his monthly expenses include $240 for gas, insurance, and maintenance of his vehicle, $50 for his phone used for work, $300 for food, and $20 for personal hygiene.  *Id.*

While "[d]istrict courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses," *Avina v. Berryhill*, No. 18-CV-1728 W (AGS), 2018 WL 3805930, at *1 (S.D. Cal. Aug. 10, 2018), the Court does not believe that Plaintiff is such an applicant.  Plaintiff demonstrates he lacks the means to pay the filing fee without sacrificing the necessities of life.  *See Adkins*, 335 U.S. at 339–340.  Accordingly, the Court concludes that Plaintiff meets the § 1915(a) requirements and **GRANTS** Plaintiff's motion for leave to proceed IFP.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Sept. 1, 2018)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

## II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)

When a plaintiff proceeds in forma pauperis, the complaint is subject to mandatory screening and the Court must order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a pro se's pleadings. *Id*. In giving liberal interpretation to a pro se complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While a plaintiff need not give detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and

(2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006) (quoting *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989)). "[M]unicipalities are subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a 'final policymaker.'" *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013).

"The Fourth Amendment 'applies to all seizures of the person, including seizures that involve only a brief detention short of traditional arrest.'" *United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (quoting *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975)). The police may make an investigatory stop only if, based upon the totality of the circumstances, the officer in question has a "reasonable suspicion supported by articulable facts" that the "particular person being stopped has committed or is about to commit a crime." *Id.* (emphasis omitted) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). "Although an officer's reliance on a mere 'hunch' is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard." *United States v. Manzo-Jurado*, 457 F.3d 928, 934 (9th Cir. 2006) (citing *United States v. Arvizu*, 534 U.S. 266, 274 (2002)).

Here, Plaintiff's Complaint names Defendant San Diego County and Does 1–20, inclusive, as defendants. Plaintiff complains about three separate encounters with San Diego County deputy sheriffs. Dkt. No. 1, Compl. ¶ 24–27. He provides transcripts of audio recordings made during two of the encounters. Dkt. No. 1, Compl. Ex. 1–2. Plaintiff alleges that the deputies, acting under color of law, violated his federal and state civil rights "to be free from unreasonable search and seizure" when the deputies seized Plaintiff "where none had any lawful basis to detain Plaintiff." Dkt. No. 1, Compl. ¶ 31–32, 36–37.

Specifically, Plaintiff alleges: (1) "[o]n or about April 30, 2017," Plaintiff's ten-minute detainment when "Plaintiff was breaking no laws and the deputies had no basis to

suspect Plaintiff of breaking any laws" was "excessive," Dkt. No. 1, Compl. ¶ 24; (2) "[o]n or about August 7, 2017," Plaintiff was detained by a deputy responding to a "complaint about Plaintiff not belonging in the area," Dkt. No. 1, Compl. ¶ 25–26; and (3) "[o]n or about March 29, 2018 . . . a deputy pulled up behind Plaintiff and detained Plaintiff without basis saying he wanted to check if Plaintiff's car were stolen," Dkt. No. 1, Compl. ¶ 27. Plaintiff claims that he was injured and that Defendant's actions were the proximate cause of his injury. Dkt. No. 1, Compl. ¶ 33–34, 38–39. Plaintiff also alleges that "deputies of the SD county sheriff have detained unlawfully at least 50 other citizens similar to Plaintiff and have a custom policy and/or patter [sic] of detaining unlawfully citizens without legal basis to ID them." Dkt. No. 1, Compl. ¶ 28.

Because Plaintiff's Complaint, liberally construed, states a plausible claim upon which § 1983 relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii); *Iqbal*, 556 U.S. at 678, the Court finds Plaintiff's allegations sufficient to survive the "low threshold" required to survive the Court's initial sua sponte screening required by 28 U.S.C. § 1915(e)(2), s*ee Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

Accordingly, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's Complaint on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III.  Conclusion and Order

Based on the above, the Court:

1)  **GRANTS** Plaintiff's Motion to Proceed IFP (Dkt. No. 2);

2)  **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Dkt. No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint and the summons

so that he may serve these Defendants.  Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s provided to him.  All costs of that service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3); and

4) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service.  *See* S.D. CAL. CIVLR 5.2.  Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED**.

Dated: May 24, 2019

Hon. Gonzalo P. Curiel
United States District Judge