UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>                 Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, et al.,<br><br>                 Defendants. | Case No.: 19cv751-GPC(KSC)<br><br>**ORDER GRANTING EX PARTE APPLICATIONS FOR EXPEDITED DISCOVERY [Doc. Nos. 13, 15, 16.]** |

Plaintiff Aaron Raiser, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to Title 42, United States Code, Section 1983, alleging that San Diego deputy sheriffs violated his Fourth Amendment right to be free from unreasonable searches, because they detained him on several occasions while he was in his car or walking on the side of a street with no reason to believe he was breaking any laws. [Doc. No. 9, at pp. 4-8.] Plaintiff also alleges that he believes San Diego deputy sheriffs have a custom or policy of unlawfully detaining citizens. [Doc. No. 9, at p. 4.]

On July 31, 2019, plaintiff filed an *Ex Parte* Application for Order (1) Allowing Extension of Time to Serve Doe Defendants and (2) Expedited Discovery to Identify Doe Defendants. [Doc. No. 13.] On September 5, 2019 and September 7, 2019, plaintiff filed two more *Ex Parte* Applications that are almost identical to his first *Ex Parte*

Application. These newer *Ex Parte* Applications seek the same relief as the original Ex Parte Application. [Doc. Nos. 15, 16.]

## *Background*

In separate incidents at different locations on April 30, 2017, August 7, 2017, and March 29, 2018, plaintiff alleges he was unlawfully detained by deputy sheriffs in violation of the Fourth Amendment. All three incidents allegedly took place in San Diego County. Plaintiff does not know the identities of the deputy sheriffs, so he named the County of San Diego as a defendant, along with "DOES 1-20." [Doc. No. 9, at pp. 1, 4-8.]

## *Discussion*

### *I. Request for Expedited Discovery.*

In his *Ex Parte* Applications, plaintiff seeks leave to serve discovery limited to learning the identities of the DOE defendants on an expedited basis, so he can serve each of them with a summons and the First Amended Complaint. [Doc. 16-1, at pp. 2-3; Doc. Nos. 13, 15.] Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). In the Ninth Circuit, exceptions to requests for early discovery have generally been disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980.) "However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* at p. 642. *See also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

Courts in the Ninth Circuit have also permitted expedited discovery prior to the Rule 26(f) conference "upon a showing of good cause." *American LegalNet, Inc. v. Davis*, 673 F.Supp.2d (C.D. Cal. 2009). However, courts have indicated that "some limiting principals should apply to the determination of whether discovery to uncover the

identity of a defendant is warranted." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999). Early discovery should be limited to "ensure that this unusual procedure will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service and will prevent use of this method to harass or intimidate." *Id.*

"First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* In support of his Ex Parte Application, plaintiff submitted a Declaration stating he is aware from prior litigation that the San Diego County Sheriff keeps a record whenever a deputy sheriff runs a background check on an individual. Because the First Amended Complaint identifies the times, dates, and locations for the alleged unlawful stops, plaintiff believes the San Diego County Sheriff can readily identify the deputy sheriffs involved in each incident. [Doc. No. 16-2, at pp. 2-3.] The First Amended Complaint also alleges that all three incidents that serve as the basis for this action took place in San Diego County. [Doc. No. 9, at pp. 5-8.] Accordingly, the Court finds that plaintiff has sufficiently and specifically identified the DOE defendants.

"Second, the party should identify all previous steps taken to locate the elusive defendant. This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Columbia*, 185 F.R.D. at 578. Prior to filing his Ex Parte Application, plaintiff states in his Declaration that he contacted counsel for the County of San Diego by phone and e-mail and attempted to arrange a stipulation for the parties to complete initial disclosures prior to the usual deadlines so that he could discover the names of the DOE defendants, but he was unsuccessful. [Doc. No. 16-2, at p. 2.] Plaintiff also contacted a clerk in the Records Department for the San Diego County Sheriff and spoke with a person familiar with the Sheriff's policies on public records requests. He was advised by the clerk that he would not be able to obtain any records relating to the incidents alleged in this litigation through the Records Department. [Doc. No. 16-2, at

p. 2.] Therefore, plaintiff represents that he has "exhausted all known means to obtain the identities" of the DOE defendants "short of discovery." [Doc. No. 16-2, at p. 2.]

"Third, plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Columbia*, 185 F.R.D. at 578. "Thus, plaintiff must make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Id.* at 580. Although liberally construed, plaintiff's allegations against the DOE defendants have already survived initial screening by the District Court. [Doc. No. 5, at p. 5.]

Based on the foregoing, the Court finds that plaintiff submitted enough information to establish good cause for an order allowing him to proceed with expedited discovery limited to learning the identities of the DOE defendants. Therefore, plaintiff's request for an order permitting expedited discovery to learn the identities of the DOE defendants is GRANTED. [Doc. Nos. 13, 15, 16.]

## II. *Request for Extension of Time to Serve the DOE Defendants.*

Federal Rule of Civil Procedure 4(m) provides that a complaint is subject to dismissal if a defendant "is not served within 90 days" of filing. Fed.R.Civ.P. 4(m). However, "if the plaintiff shows good cause for the failure [to serve the complaint], the court ***must*** extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m) (emphasis added). "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "Good cause generally means plaintiff attempted service but did not complete it; plaintiff was confused about the requirements of service; or plaintiff was prevented from serving defendants by factors beyond his control. It is examined by considering: (1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred; (2) whether defendant has been prejudiced by the delay; or (3) whether plaintiff has moved for an enlargement of time to effect service under FRCP 6(b)." *Television Signal Corp. v. City & Cty. of San Francisco*, 193 F.R.D. 645, 646 (N.D. Cal. 2000).

Here, there is good cause to extend the time for service. Plaintiff has been diligent and has attempted to discover the identities of the DOE defendants but has been unable to do so because of policies imposed by the San Diego County Sheriff's office. He must therefore serve defendant San Diego County with limited discovery requests on an expedited basis to discover the identities of the DOE defendants. Thereafter, he will need additional time to serve the DOE defendants once they are identified. It does not appear this will cause any prejudice to the DOE defendants, because their employer is already a defendant and has been served with a summons and the First Amended Complaint. As noted above, the First Amended Complaint specifically identifies the DOE defendants by date and by the locations where the alleged incidents took place. Accordingly, the Court finds that plaintiff's request for an extension of time to effect service on the DOE defendants must be GRANTED.

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for limited expedited discovery to learn the identities of the DOE defendants is GRANTED. [Doc. Nos. 13, 15, 16.] ***No later ten (10) days after receiving this Order***, plaintiff shall serve defendant with three (3) specific, narrowly tailored interrogatories (*i.e.*, one interrogatory for each incident alleged in the First Amended Complaint). The limited purpose of these interrogatories shall be to discover the identities of the DOE defendants and where these DOE defendants can be served with the summons and the First Amended Complaint.

2. ***No later than ten (10) days after receipt*** of the above-described interrogatories, defendant shall, without objection, serve plaintiff with responses to his interrogatories that identify each of the DOE defendants to the extent possible and where these individuals can be served with the summons and the First Amended Complaint.

3. ***No later than thirty (30) days*** after he receives the identities and addresses for service of process for the DOE defendants, plaintiff shall serve each of these DOE defendants with a summon and the First Amended Complaint.

4. To serve the summons and the First Amended Complaint on the DOE defendants after they are identified, plaintiff shall use the same procedure as that set forth in the District Court's Order of May 24, 2019 [Doc. No. 5]. **The Clerk** is therefore ***DIRECTED*** to issue a summons as to plaintiff's First Amended Complaint [Doc. No. 9] along with six (6) copies of blank U.S. Marshall Form 285. Upon receipt of the identities of the DOE defendants and this "IFP Package," plaintiff must complete the Form 285s as completely and accurately as possible, *including an address where each named defendant may be found and/or subject to service*, and return the completed forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

5. The ***U.S. Marshal*** is ordered to serve a copy of the First Amended Complaint and a summons upon each of the defendants as directed by plaintiff on the USM Form 285s. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

IT IS SO ORDERED.

Dated: September 25, 2019

Hon. Karen S. Crawford
United States Magistrate Judge