

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, et al.,<br><br>Defendants. | Case No.: 19cv751-GPC(KSC)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATIONS FOR ORDER COMPELLING DISCOVERY [Doc. Nos. 25 and 26.]** |

Plaintiff Aaron Raiser, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to Title 42, United State Code, Section 1983, alleging that he was unlawfully detained by San Diego County deputy sheriffs on three separate occasions in three different locations. [Doc. No. 1.] The Court recently granted plaintiff's *Ex Parte* Application for Expedited Discovery to serve defendant San Diego County with interrogatories so that plaintiff could learn the identities of the deputy sheriffs involved in each of the three incidents. [Doc. No. 19.] In response to plaintiff's expedited interrogatories, defendant San Diego County identified deputy sheriffs involved in two out of the three alleged incidents. With respect to the third incident, which allegedly occurred "[on] or about August 7, 2017," defendant San Diego County responded as follows: "Defendant cannot identify any deputy present at that time and place." [Doc. No. 26-3.]

Before the Court are plaintiff's *Ex Parte* Application for Order Compelling Discovery [Doc. No. 25]; plaintiff's Amended *Ex Parte* Application for Order Compelling Discovery [Doc. No. 26]; defendant's Opposition to plaintiff's *Ex Parte* Applications [Doc. No. 28]; plaintiff's Reply [Doc. No. 29]; plaintiff's Updated Amended Reply [Doc. No. 31]; and plaintiff's Second Amended Reply [Doc. No. 32].

In his moving and reply papers, plaintiff seeks an order compelling defendant San Diego County to complete a more comprehensive investigation and to provide him with a further response to his expedited Interrogatory No. 2, or, in the alternative, "something under oath" to confirm that plaintiff has done a thorough investigation and cannot locate the information he has requested. [Doc. No. 26-1, at pp. 4-5; Doc. No. 32, at pp. 1-5.]

In their Opposition, defendant San Diego County argues that the Court should deny plaintiff's *Ex Parte* Applications, because a "reasonable investigation" was completed but responsive information could not be found. [Doc. No. 28, at p. 4.] However, plaintiff represents in his moving and reply papers that he is familiar with the way "all California Sheriffs store deputy interactions," because he has previously sued the Los Angeles County Sheriff, the San Diego County Sheriff, and the Riverside County Sheriff. Based on his experience in these other cases, plaintiff claims defendant is being evasive, because he is aware there are several databases that can be searched to locate the information he seeks. He believes defendant has not done everything it could do and should be required to broaden its search to locate the names of the deputy sheriff(s) involved in this third incident. [Doc. No. 26-1, at pp. 2-5; Doc. No. 32, at pp. 3-5.] Plaintiff believes searches can be done in "a matter of minutes" to resolve this matter, and he has even provided defendant with more information that can be used in the searches. [Doc. No. 33, at pp. 4-5.] In the event this information cannot be found, plaintiff requests that defendant be required to provide him with detailed information as to the steps taken to locate the information he seeks. [Doc. No. 26-1, at p. 5.]

Plaintiff also requests a brief extension of time to serve any deputy sheriff that defendant identifies through additional searches of its databases. [Doc. No. 26-1, at p. 5.]

2

He requests that the Court allow him an additional ten (10) days to effect service of the summons and Complaint on any new party identified by defendant.

Good cause appearing, IT IS HEREBY ORDERED that plaintiff's *Ex Parte* Applications are GRANTED. [Doc. Nos. 25 and 26.] ***No later than November 22, 2019***, defendant shall, to the extent possible, complete additional searches to attempt to locate information responsive to plaintiff's Interrogatory No. 2, and if the information is found, provide plaintiff with a supplemental response to Interrogatory No. 2. If responsive information cannot be located, defendant shall ***no later than November 22, 2019***, provide plaintiff with a declaration under oath by a person with direct knowledge stating that all available steps have been taken to provide a complete response to Interrogatory No. 2.

IT IS SO ORDERED.

Dated: November 8, 2019

Hon. Karen S. Crawford
United States Magistrate Judge