
FILED
JAN 08 2020
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER, | Case No.: 19cv751-GPC(KSC) |
| Plaintiff, | **ORDER RE PLAINTIFF'S** |
| v. | **EX PARTE REQUEST FOR COPIES** |
| SAN DIEGO COUNTY, et al., | **OR FREE ACCESS TO PACER** |
| Defendants. | [Doc. No. 41.] |

Plaintiff Aaron Raiser, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to Title 42, United State Code, Section 1983, alleging that he was unlawfully detained by San Diego County deputy sheriffs on three separate occasions in three different locations. [Doc. No. 9.] On December 18, 2019, plaintiff filed an *Ex Parte* Application explaining that his laptop computer was stolen, and, as a result, he no longer has copies of the operative First Amended Complaint in this case or the Order permitting service of process by the U.S. Marshal. [Doc. No. 41-1, at p. 1.]

In his *Ex Parte* Application, plaintiff makes two requests. First, plaintiff requests that the Court send him with copies of the First Amended Complaint and the Order permitting service of process by the U.S. Marshal via U.S. Mail or e-mail, so that he can forward them to the U.S. Marshal for service on defendants who have not yet been served. If the Court does not provide him with copies of these documents, plaintiff

1

represents he will be unable to complete service of process in this case, because he only has $10 and no current work. [Doc. No. 41-1, at p. 1.]

Good cause appearing, the Court GRANTS plaintiff's request for copies of the First Amended Complaint and the Order permitting service of process by the U.S. Marshal. The Court will send these documents, as well as a copy of the summons, to plaintiff in PDF format via e-mail at the e-mail address plaintiff provided to the Court for electronic service of court documents in the CM/ECF system.

Alternatively, plaintiff requests that the Court waive fees and allow him free access to the Public Access to Court Electronic Records system ("PACER"). If plaintiff has free access to PACER, he states that he would be able to print copies of the First Amended Complaint and Order allowing service by the U.S. Marshal and then forward these documents to the U.S. Marshal so that service of process in this case can be completed as to all defendants. [Doc. No. 41-1, at p. 2.] In an attached Declaration, plaintiff also mentions he currently has no access to PACER. Apparently, plaintiff's PACER account has been disabled because he owes $80 that he is unable to pay right now. [Doc. No. 41, at p. 2.] In addition, plaintiff argues that granting him free access to PACER for this case and for this District would be helpful, because parties often cite non-published cases, and free access would allow him to read the cited cases. [Doc. No. 41-1, at p. 2.] In sum, it appears that plaintiff is requesting that the Court (1) waive the $80 in PACER fees that he has already incurred; (2) reactivate his PACER account; and (3) direct PACER to waive any future fees.

In an Order filed on July 22, 2019, the District Court granted plaintiff's application for an order allowing him CM/ECF access in this case. [Doc. No. 11.] In other words, this case has been designated as an e-filing case, and, as a result, all documents (*e.g.*, orders, opinions, motions, oppositions, and replies) are served on plaintiff electronically at the e-mail address he provided to the Court for this purpose. As an e-filing litigant, plaintiff should be able to view and download all filed documents in this case ***once without charge***. Downloaded documents can then be printed or electronically saved for

future reference. In his Motion, plaintiff does not indicate whether he is unable to access, view, and download newly filed documents in this case without charge because of the deactivation of his PACER account. Typically, it would only be necessary for an e-filing litigant to pay for additional copies of filed documents at the current PACER cost of ten cents per page with a maximum cost per document of $3.00. "No fee is charged for access to judicial opinions." *Electronic Public Access Fee Schedule*, at 28 United States Code Section 1914, at Nos. 1-8.

Courts may exempt some individuals and groups, including indigents, from payment of PACER access fees. However, "[a] party seeking a discretionary exemption cannot rely on his *in forma pauperis* status alone." *In re Club Ventures Investments LLC*, 507 B.R. 91, 99 (S.D.N.Y. 2014). "In considering granting an exemption, courts must find: that those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information; [and] that individual researchers requesting an exemption have shown" that the exemption is limited in scope and "not intended for redistribution on the internet or for commercial purposes." *Electronic Public Access Fee Schedule*, at 28 United States Code Section 1914, at No. 9.

Without more, it is unclear why plaintiff incurred $80 in PACER access fees that he is unable to pay. It is also unclear whether any of these printing costs were incurred in connection with this case. The Court issued an Order allowing plaintiff access to filed documents through the CM/ECF system early in the case. [Doc. No. 11.] The factual and legal issues in the case are not complex, and defendants have only filed two motions thus far. Other than citations to decisions in cases where plaintiff was the complaining party, defendants' two Motions to Dismiss and a related Reply only cited a total of three unpublished opinions. [Doc. No. 7, at p. 5; Doc. No. 12-1, at p. 3; Doc. No. 22, at p. 3.] Via PACER, plaintiff should have been able to review these unpublished opinions without charge. Even assuming plaintiff printed these unpublished decisions, the total printing costs would not have exceeded $9. *Electronic Public Access Fee Schedule*, at 28

United States Code Section 1914, at No. 1 (indicating the cost for electronic access to any case document is $0.10 per page "not to exceed the fee for thirty pages"). The District Court's Order Granting Defendant's Motion to Dismiss did cite approximately ten unpublished decisions, and these decisions could also have been reviewed via PACER without charge [Doc. No. 27]. It is unclear why plaintiff would have had any need to print any of these cases, but even if he did, the charges would not have exceeded $30. To the extent the $80 in unpaid PACER fees were incurred in connection with other cases, it would not be appropriate for this Court to waive those charges, especially if other courts previously denied plaintiff's requests for a waiver of PACER fees in his other cases.

In sum, plaintiff has not demonstrated that an exemption of PACER fees is necessary to avoid unreasonable burdens in the case. Accordingly, plaintiff's request for a waiver of prior and future PACER fees is DENIED at this time. Plaintiff may renew his motion if there is additional information that could satisfy the unreasonable burden standard; if he is unable to view, save, and print copies of newly filed documents in this case for a limited time after receipt; or if the disabling of his PACER account prohibits him from reviewing judicial opinions in other cases at no charge even if he does not print them.

To the extent plaintiff has not been able to serve any remaining defendants because his computer was stolen, and he did not have access to a copy of the First Amended Complaint and the Order permitting service of process by the U.S. Marshal, plaintiff is GRANTED an extension of *15 days* from the date this Order is filed to complete service of process in this case.

IT IS SO ORDERED.

Dated: January 7, 2020

Hon. Karen S. Crawford
United States Magistrate Judge