UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>                              Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, et al.,<br><br>                              Defendants. | Case No.: 19cv751-GPC(KSC)<br><br>**ORDER RE PLAINTIFF'S EX PARTE APPLICATIONS**<br><br>[Doc. Nos. 68, 71, 74, 78.] |

Plaintiff Aaron Raiser, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to Title 42, United States Code, Section 1983, alleging that San Diego deputy sheriffs violated his Fourth Amendment right to be free from unreasonable searches, because they detained him on several occasions with no reason to believe he was breaking any laws.  [Doc. No. 9, at pp. 4-8.]

Plaintiff has filed several *Ex Parte* Applications that are currently pending.  In these *Ex Parte* Applications, plaintiff seeks an extension of the September 11, 2020 deadline for completing fact discovery.  Plaintiff's *Ex Parte* Applications also describe pending discovery disputes and outline discovery plaintiff would like to complete if granted an extension.  [Doc. No. 68, 71, 74, 78.]  Defendants have filed Oppositions to plaintiff's *Ex Parte* Applications.  [Doc. Nos. 70, 76, 79.]  Plaintiff has also filed two Replies to defendants' Oppositions.  [Doc. No. 75, 80.]  Plaintiff claims he met and

conferred with defense counsel on the issues raised in his *Ex Parte* Applications, but defense counsel disputes plaintiff's representations in this regard.

### *Background*

In the First Amended Complaint, plaintiff alleges he was unlawfully detained on three occasions by deputy sheriffs in violation of the Fourth Amendment. All three incidents allegedly took place in San Diego County. [Doc. No. 9, at pp. 1, 4-6.] Plaintiff has audio recordings of all stops to support the allegations in his Complaint. [Doc. No. 68-1, at p. 1.]

### *Discussion*

#### I. *Ex Parte Application No. 1 [Doc. No. 68].*

In plaintiff's initial *Ex Parte* Application, the discovery at issue pertains to the First Cause of Action in the Complaint and involves cell phone records for Deputy Fealy. Plaintiff claims he could see Deputy Fealy using a cell phone during the time he went back to the patrol car to complete "a background check." [Doc. No. 68-1, at p. 2.] "[T]he stop was about 11 minutes total time. . . ." [Doc. No. 68-1, at p. 2.] Plaintiff believes the cell phone records are "highly relevant." [Doc. No. 68-1, at p. 2.]

On July 13, 2020, Deputy Fealy responded to two interrogatories that are related to the discovery in dispute. In the first of these interrogatories, plaintiff requested that Deputy Fealy identify the cell phone he had in the patrol car at the time of the alleged unlawful detention. Deputy Fealy objected to his interrogatory on privacy and relevancy grounds and did not provide a substantive response. [Doc. No. 70-1, at pp. 2.] In the second of these interrogatories, plaintiff requested that Deputy Fealy identify anyone he contacted on his cell phone during the stop. Deputy Fealy responded that he did not "recall calling anyone on his cell phone between the time of initial contact with Plaintiff and driving away after making initial contact on April 29, 2017." [Doc. No. 70-1, at pp. 2.]

///

1    Plaintiff claims he met and conferred with defense counsel about these responses
2 and offered alternatives, such as production of redacted cell phone records, but defense
3 counsel refused to provide any further responses.  [Doc. No. 68-1, at p. 2.]  Some time
4 thereafter, plaintiff reviewed the Chambers Rules and realized he only had 30 days to
5 raise a discovery dispute over defendant's responses to these discovery requests.  [Doc.
6 No. 68-1, at p. 3.]  On August 12, 2020, plaintiff claims he contacted the Court about this
7 discovery dispute by telephone, left a voicemail requesting a discovery conference, and
8 then e-mailed defense counsel on August 13, 2020 requesting his availability for a
9 conference.  [Doc. No. 68-1, at p. 6.]  Therefore, plaintiff contends he complied with the
10 Court's 30-day deadline, and if the Court deems he did not comply, he requests an
11 extension of time to raise his dispute and obtain the discovery he requested in the above-
12 referenced interrogatories.  [Doc. No. 68-1, at pp. 9-10.]

   Plaintiff also states that he "attempted" to serve defendants with a "2nd set of
discovery," but these requests may have been served "1 day late."  [Doc. No. 68-1, at
p. 10.]  As a result, he does not believe defendants will respond to these requests.  [Doc.
No. 68-1, at p. 11.]  He therefore requests that the Court extend the discovery deadline
long enough for him to serve "a few additional interrogatories" or to take depositions.
Plaintiff believes he could obtain the discovery he needs "via depositions," but he is
unable to afford to pay a deposition officer, so if the Court extends time for him to serve
"a few additional interrogatories," he "would not need any depositions at all."  [Doc. No.
68-1, at p. 11.]  If depositions are necessary, plaintiff seeks an order allowing them to
take place "via Zoom."  [Doc. No. 68-1, at p. 12.]  Plaintiff also wants the Court to alter
the usual process used to record and transcribe depositions to make them more affordable
for him.  He wants to "find someone on the cheap on Craigslist" to act as a "substituted
deposition officer."  [Doc. No. 6-1, at p. 12.]  In addition, plaintiff wants to record any
depositions "using Zoom" and "have them transcribed later if needed."  [Doc. No. 6-1, at
p. 12.]

/ / /

## II. *Plaintiff's Second Ex Parte Application [Doc. No. 71.]*

In his Second *Ex Parte* Application, plaintiff raises a discovery matter related to the Second Cause of Action in the Complaint based on "[n]ew facts" and again seeks additional time to complete discovery. Plaintiff represents that he requested disclosure of "all dispatch records" concerning the Second Cause of Action in May 2020 and that defendant recently produced "a key document" on August 19, 2020, which is "an audio recording" from dispatch. Since production was made late in the discovery period, plaintiff complains he is unable to serve follow-up discovery "needed for the case in light of that audio recording." [Doc. Nos. 71, at p. 2; 71-1, at p. 1.] Plaintiff therefore wants to a two-month extension of the discovery deadline, so he will have enough time to serve additional interrogatories and so he can "avoid having to do depositions." [Doc. No. 71-1, at p. 22.] Although plaintiff states defendants' prior counsel agreed to do depositions "via Zoom" and he relied on this agreement, he is unable to schedule any depositions now because of the current discovery deadline, and it is "easier" and "cheaper" to serve additional interrogatories. [Doc. No. 71-1, at p. 2.] Plaintiff also represents defendants' present counsel "refused" on or about August 13, or 14, 2020 to enter a stipulation to resolve this dispute. [Doc. No. 71-1, at p. 2.]

In an Amended Second *Ex Parte* Application, plaintiff submitted a Declaration stating that he wants additional time to complete discovery, so he can request "[t]hree main items in follow-up to prior discovery." [Doc. No. 74, at p. 4.] First, plaintiff wants disclosure of "Code 602 training materials," because Deputy Fealy (First Cause of Action), said during discovery he detained plaintiff for a potential "Penal Code 602(2) public easement" violation or trespassing. Plaintiff claims the deputy did not tell plaintiff he was suspected of trespassing during the stop and then drove off, allowing plaintiff to remain in the spot where he was stopped by the deputy. Therefore, plaintiff argues that it would be helpful to obtain training materials discussing when it is appropriate for a deputy to cite or detain someone "under PC 602." [Doc. Nos. 74, at p. 5; 74-1, at p. 3.]
///

Second, plaintiff would like to obtain discovery related to the newly produced audio recording (Second Cause of Action) to determine the basis for detaining plaintiff and how to authenticate the recording. [Doc. Nos. 74, at p. 5; 74-1, at p. 5.] Third, plaintiff would like additional information in lieu of voluminous data from the California Law Enforcement Telecommunications System ("CLETS"), which is the database used by law enforcement to complete background checks. Plaintiff explains he previously requested "all CLETS documents related to the stops," but defendants "refused to turn over the documents." [Doc. No. 74, at p. 5.] From other litigation, plaintiff states he is familiar with CLETS, how it works, and "what is contained therein." [Doc. No. 74-1, at p. 3.] Although plaintiff concedes the lengths of the stops alleged in the Complaint are "not materially at issue," he disputes "the reasonableness" of a stop lasting eleven or twelve minutes. According to plaintiff, CLETS shows "background check times down to the 1 second time interval." [Doc. No. 74-1, at pp. 3-4.] Plaintiff argues information from CLETS would be highly relevant to the reasonableness of the stop alleged in his First Cause of Action, because it could, for example, show a background check was completed in one minute, but the stop took twelve minutes, and the deputy was unnecessarily on his cell phone for part of this time. [Doc. No. 74-1, at p. 4.]

Plaintiff does not believe CLETS discovery would be relevant to his Second Cause of Action but would be highly relevant to his Third Cause of Action. According to plaintiff, the deputy involved in the Third Cause of Action claims he stopped to inquire if plaintiff's car was stolen. Plaintiff claims at the time of the stop, he was parked off the roadway on the shoulder and was not breaking any laws. Plaintiff believes CLETS documents will show the deputy "had already run plaintiff's license plates" and knew the vehicle was not stolen when he exited his patrol car. [Doc. No. 74-1, at p. 5.] Plaintiff believes this information would show the "real" reason for the stop was to run a warrant check to see if plaintiff was a drug runner. [Doc. No. 74-1, at p. 5.]

After meeting and conferring with defense counsel, plaintiff claims he decided to instead obtain the CLETS information in another way -- by serving defendants with

written discovery requests seeking the times when background checks were made and when the results came back.  Although he could likely obtain this information in a deposition, plaintiff prefers to obtain an extension of time to serve additional written discovery requests, so he can avoid the high cost of depositions he is unable to afford.  If he can obtain this information through written discovery, plaintiff believes he should be able to "synchronize the stops timewise to help show the detentions were unreasonable." [Doc. No. 74, at pp. 5-6.]

### III.     Plaintiff's Third Ex Parte Application [Doc. No. 78].

The most recent *Ex Parte* Application states that plaintiff has noticed depositions to be conducted and recorded via Zoom.  These depositions were noticed to take place on September 10, 2020, which was the deadline for completing discovery. [Doc. No. 78-1, at p. 1.]  Plaintiff requests that the Court allow him to act as a deposition officer during these depositions, because he is unable to hire one due to his financial circumstances.  Although he has attempted to hire a notary or some other person "on Craigslist" to act as a deposition officer, he has been unable to do so. [Docs. No. 78, at p.1; 78-1, at pp. 1-2.] Plaintiff states that he has been unable to resolve this dispute with defense counsel and seeks relief *ex parte* because of the discovery deadline. [Doc. Nos. 78, at p. 1; 78-1, at p. 1.]

Defendants have filed an Opposition to plaintiff's *Ex Parte* Application arguing it would be prejudicial to them if the Court permits plaintiff to act as a deposition officer for the seven (7) depositions he has noticed.  [Doc. No. 79, at p. 1.]  Defendants do not object to conducting depositions via Zoom.  Rather, defendants contend that plaintiff's proposed plan for taking depositions conflicts with requirements set forth in Rule 30 of the Federal Rules of Civil Procedure and "poses not only accuracy and fairness concerns but renders these depositions unusable at summary judgment." [Doc. No. 79, at pp. 1-3.]

In this Court's view, defendants' Opposition raises valid concerns.  Based on the information before the Court, it does not appear it would be in the best interests of any of the parties in this litigation to proceed with depositions in the manner requested by

plaintiff.  In addition, as defendants contend, *pro se* plaintiffs proceeding *in forma pauperis* are not entitled to a waiver of the costs associated with taking depositions. [Doc. No. 79, at p. 3.]  Finally, the Court notes that plaintiff has stated in other *Ex Parte* Applications that the depositions he wants to take would be unnecessary if he is granted an extension of the current discovery deadline so that pending discovery disputes can be resolved, and he can serve defendants with additional discovery requests.

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Good cause appearing, plaintiff's request to continue the current discovery deadline is GRANTED.  The deadline for completing fact discovery is extended to November 20, 2020.  However, this extension of time is solely for plaintiff to complete the discovery outlined in his recent *Ex Parte* Applications.  [Doc. Nos. 68, 71, 74, 78.] To meet this deadline, plaintiff is forewarned that he must immediately serve or re-serve defendants with his discovery requests.  All other terms and conditions in the current Scheduling Order shall remain the same [Doc. No. 66].

2. Defendant Fealy is ordered to contact the appropriate cell phone carrier to determine whether it is possible for him to obtain records indicating whether he used his cell phone on the date and at time in question.  If it is possible to obtain records for the date and time at issue, defendant Fealy must disclose the time the call(s) began and the length of the calls, if any.  Defendant Fealy must then disclose this information to plaintiff in a declaration under oath.  If it is not possible to obtain this information, defendant Fealy must provide an explanation in a declaration under oath.  Defendant Fealy is not required to disclose his cell phone number or the cell phone number of any other party for reasons of privacy and because plaintiff has not established the relevance or importance of this information.

/ / /

/ / /

/ / /

3. Plaintiff's request to conduct depositions without an independent, qualified deposition officer who meets the requirements of Rule 30 of the Federal Rules of Civil Procedure is DENIED.

IT IS SO ORDERED.

Dated: October 5, 2020

Hon. Karen S. Crawford
United States Magistrate Judge