UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, et al,<br><br>　　　　　　　　Defendants. | Case No.:  19cv751-GPC(KSC)<br><br>**ORDER TAKING PLAINTIFF'S PENDING EX PARTE MOTIONS UNDER SUBMISSION [Doc. Nos. 89, 91, 92, 94, 99, 100, 101];**<br><br>**ORDER RE ANY FUTURE DISCOVERY MATTERS** |

　　　　Plaintiff currently has seven (7) pending discovery-related ex parte motions pending on the Court's docket.  Many of these *ex parte* motions are overlapping and/or duplicative.  [Doc. Nos. 89, 91, 92, 94, 99, 100, 101.]  With opposing papers that have also been filed, there are now hundreds of pages for the Court to review and consider, so that rulings can be made, and the case can proceed to resolution.  Previously, plaintiff filed a similar series of *ex parte* motions which the Court has already resolved.

　　　　All of plaintiff's pending *ex parte* motions and some of plaintiff's prior ex parte papers were filed in violation of Chambers Rule VIII(C), which states as follows: "Discovery motions may not be filed without prior leave of Court.  If the parties fail to resolve their dispute through the meet and confer process, then counsel for all parties are required to determine a mutually agreeable time to jointly call chambers."  The purpose

of this rule is for the Court to determine whether a pending discovery dispute can be resolved quickly and effectively in a telephonic discovery conference without the need for briefing.

When the Court determines briefing is necessary, there are page limitations set forth in Chambers Rule VIII(E) to reduce the time necessary to resolve disputes. In addition, the parties are required to participate in the preparation of a joint motion that includes the arguments of the moving and opposing parties in a single document. [Chambers Rule VIII(E).] These requirements serve at least two purposes. First, the parties are sometimes able to resolve disputes without the Court's assistance when they have an opportunity to review the other party's briefing while preparing the joint motion and before it is submitted to the Court. Second, the joint motion process reduces the length of time necessary to resolve discovery disputes, because there is no need for the parties to submit opposing and reply papers.

Plaintiff claims it was necessary for him to file his *ex parte* papers in violation of Chambers Rule VIII(C), because defendant refused to participate in the required telephone calls to chambers. Defendant claims it was unnecessary to make the required calls based on the circumstances. Regardless, both parties have hindered and delayed resolution of the case by failing to comply with Rule VIII.

All currently pending *ex parte* motions filed by plaintiff have been taken under submission and will be resolved in separate orders. ***From this day forward, any further ex parte motions that pertain to discovery matters will be rejected and denied if the filing party has not complied with Chambers Rule VIII(C)***.

If either party believes the other party is refusing to make the required joint telephone call to Chambers, that party must call Judge Crawford's chambers alone and either speak to the clerk or leave a voicemail message. A voicemail message must include contact information, availability for a return call from the clerk, and a brief description of the reason for the call. After speaking with the parties, either separately or

together, the clerk will either schedule a telephonic discovery conference or instruct the parties to prepare and submit a joint motion.

IT IS SO ORDERED.

Dated:  12/8/2020

_____
Karen S. Crawford
United States Magistrate Judge