UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>                              Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, et al,<br><br>                              Defendants. | Case No.:  19cv751-GPC(KSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE DISCOVERY MOTIONS [Doc. Nos. 90, 92, 94, 99.]** |

Plaintiff has filed several *Ex Parte* Motions regarding discovery issues that he believes remain unresolved.  [Doc. Nos. 90, 92, 94, 99.]  Defendants have opposed these motions.  [Doc. Nos. 96, 103.]  Plaintiff also filed a Reply.  [Doc. No. 98.]

For the reasons outlined below, the Court finds that plaintiff's *Ex Parte* Motions must be GRANTED to the extent they seek a revised declaration regarding "CAD + CLETS" information.  [Doc. Nos. 92, 94.]  However, the Court finds that plaintiff's *Ex Parte* Motion must be DENIED to the extent it seeks an order compelling defendant Fealy to revise his Declaration regarding his cell phone records.  [Doc. No. 99.]  The Court also DENIES the above-referenced Motions to the extent they seek additional time to meet and confer to determine whether any issues can be resolved informally between the parties.

/ / /

1

*__Background__*

In the First Amended Complaint, plaintiff alleges he was unlawfully detained on three occasions by deputy sheriffs in violation of the Fourth Amendment. All three incidents allegedly took place in San Diego County. [Doc. No. 9, at pp. 1, 4-6.] Plaintiff has audio recordings of all stops to support the allegations in his Complaint. [Doc. No. 68-1, at p. 1.]

**I.       *"CADS + CLETS" Report [Doc. Nos. 92, 94.]***

As to the alleged unlawful detention on April 21, 2017, plaintiff states he has requested information from defendants that may be relevant to whether he was unlawfully detained by deputy sheriffs. Based on his audio recordings, plaintiff represents that this stop "took over 10 minutes." [Doc. No. 92, at p. 1.] From prior lawsuits, plaintiff claims he is familiar with reports that can be generated from "CADS + CLETS" showing the amount of time it took a deputy sheriff to complete a background check. Plaintiff's theory is that he may be able to show that a 10-minute stop on April 21, 2017 was unreasonable if a background check via "CADS + CLETS" only took one minute. [Doc. No. 92, at pp. 1-2.]

In response to his discovery requests, plaintiff states defendants waited until the last minute and then produced "a meaningless declaration which is not conclusive on whether a CAD + CLETS report can be generated from existing data in the database." [Doc. No. 92, at p. 2.] Therefore, plaintiff requests additional time to see if he can resolve the "CAD + CLETS" issue with defendants. [Doc. No. 92, at p. 3-4.] "Ideally," plaintiff would like to "resolve this whole matter" by deposing "the PMQ for CAD + CLETS" or by serving additional written discovery requests. [Doc. No. 92, at p. 4.]

After filing the Motion outlined above on November 12, 2020 [Doc. No. 92], plaintiff filed an "Amended Motion" on November 17, 2020 [Doc. No. 94] raising the same issues. However, with his Amended Motion, plaintiff submitted as Exhibit 1 a copy of the declaration defendants produced in response to plaintiff's discovery request(s) seeking "CADS + CLETS" information that might reveal the amount of time it took for

2

19cv751-GPC(KSC)

the deputy sheriff to complete a background check during the April 21, 2017 stop. [Doc. No. 94-1, at p. 2.] In addition, plaintiff's Amended Motion lists several reasons why he believes the declaration provided is incomplete and inadequate. [Doc. No. 94, at pp. 3-4.]

The Court finds that plaintiff's concerns about the declaration are well-founded. First, the declaration is undated, and the name of the declarant is missing from the caption and the signature block. The declaration also lacks information to indicate the declarant is competent to testify about the subject matter of the declaration. [Doc. No. 94, at p. 4.] In this regard, plaintiff believes the author of the declaration should be an employee of the County's IT Department, such as a programmer or database administrator, and not the Supervising Emergency Services Dispatcher in the Communications Division. [Doc. No. 94, at pp. 3-4, referring to Doc. No. 94-1, at p. 1.]

Next, the declaration indicates the declarant conducted a diligent and thorough search of "available records" for a "'CAD + CLETS report related to [plaintiff's] April 29, 2017 interaction with San Diego Sheriff's Department Deputies." [Doc. No. 94-1, at p. 1.] The next paragraph of the declaration states as follows: "I have confirmed that no 'CAD + CLETS' record exists in the County's record and that no 'CAD + CLETS' record can be created." [Doc. No. 94-1, at p. 1.] Plaintiff argues the declaration is ambiguous, because the report he seeks "is not going to be in a 'file' somewhere." [Doc. No. 94, at p. 4.] Instead, a report would need to be generated from an existing database and presented in a usable format. [Doc. No. 94, at p. 4.] The Court also notes that plaintiff states in his moving papers that he has been involved in other cases with law enforcement, so he is familiar with CLETS and knows what data can be generated from this database. [Doc. No. 74-1, at p. 3.] If plaintiff has been able to obtain similar information in other cases, it is understandable that he would be suspicious when he is told no records exist and no record can be created for the April 21, 2017 stop.

Although plaintiff's Motion requests only additional time to resolve this issue with defense counsel or to file a joint motion for determination of discovery dispute, the Court's view is that additional time and briefing are unnecessary. The Court has enough

information to resolve this issue without further delay and for the sake of judicial efficiency.

Defendants argue the Court should not grant any relief to plaintiff, because they provided him with "the exact declaration he sought, which confirms that no CAD + CLETS (or any similarly-named) record (or report) exists in County records and that no CAD + CLETS record can be created for his stop." [Doc. No. 96, at p. 5.] Regardless of whether defendants provided plaintiff with the exact declaration he sought, for the reasons previously stated, the information contained in the declaration is ambiguous and incomplete on its face. Defendants must provide plaintiff with a new declaration by an individual who is competent to testify on the matter. This declaration must include information explaining why the individual is competent to testify on the matter. Despite their argument to the contrary, defendants are obligated to locate and produce in a useable form any data from any database that refers or relates to the alleged unlawful detention on April 21, 2017. If defendants are unable to produce responsive data, the declaration must provide a plausible explanation as to why no data can be produced. In addition, the declaration must address all the other deficiencies cited above from plaintiff's moving papers.

In sum, the Court agrees with plaintiff that the declaration produced by defendants is inadequate for the reasons cited in plaintiff's *Ex Parte* Motion. [Doc. No. 94.] Therefore, the Court finds that plaintiff's *Ex Parte* Motion must be GRANTED. Plaintiff is entitled to an order requiring defendants to provide him with a new declaration by a competent declarant that addresses all the deficiencies cited above.

## II.     *Defendant Fealy's Declaration* [Doc. No. 99]

The Court's Order of October 5, 2020 directed defendant Fealy to "contact the appropriate cell phone carrier to determine whether it is possible for him to obtain records indicating whether he used his cell phone on the date and at the time in question;" and, if possible, defendants were required to provide plaintiff with a declaration under oath disclosing "the time the call(s) began and the length of the calls, if any." [Doc. No. 87, at

p. 7.] Defendant Fealy was not required to disclose his cell phone number or the cell phone number of any other party for reasons of privacy, relevance, and proportionality. [Doc. No. 87, at p. 7.]

Plaintiff's *Ex Parte* Motion argues that the Declaration produced by defendant Fealy regarding his cell phone usage during the incident in question does not comply with the Court's Order, because it is evasive. [Doc. No. 99, at p. 1.] Plaintiff therefore seeks an order compelling defendant Fealy to revise his Declaration to address the claimed ambiguities. [Doc. No. 99-1, at pp. 1-3.] A copy of defendant Fealy's Declaration is attached as Exhibit 1 to plaintiff's Motion. [Doc. No. 99-3, at p. 1.] The alleged ambiguities are as follow:

The declaration leaves open the possibility that: (1) defendant Fealy did not seek or obtain cell phone records from the exact cell phone carrier he was using at the time in question during 2017; (2) defendant Fealy had more than one cell phone at the time in question in 2017, such as a work cell phone and a personal cell phone, but only requested and received information from the cell phone carrier for one of these phones; (3) defendant Fealy's request for information from any appropriate carrier(s) was deficient in some way so that is why no relevant calls were located and disclosed; (4) defendant Fealy is not competent to testify about the information included in his declaration, because it appears it was his attorney who made the request(s); (5) defendant Fealy has no direct knowledge of what was requested; (6) defendant Fealy made rather than received a cell phone call during the time in question because the declaration only indicates there are no records of calls or texts "from" his cell phone. [Doc. No. 99-1, at pp. 1-3.] Plaintiff therefore argues defendant Fealy's declaration is not adequate, so the Court should order defendant Fealy to produce supporting documentation, such as redacted phone bills or "ping" history, to support the statements in his Declaration.

Along with their Opposition to plaintiff's Motion, defendants submitted a Declaration signed by defense counsel addressing plaintiff's concerns about the alleged ambiguities in defendant Fealy's Declaration. The Court has reviewed and considered

defendant Fealy's Declaration and the Declaration submitted by defense counsel. Based on a review of both declarations, the Court is satisfied that defendant Fealy complied with the Court's October 5, 2020 Order. The Court is also satisfied that defense counsel's Declaration adequately addresses the ambiguities in defendant Fealy's Declaration. Accordingly, all discovery disputes about defendant's Fealy's Declaration have been resolved. Therefore, plaintiff's Motion seeking an order requiring defendant Fealy to revise his Declaration is DENIED. Plaintiff is not entitled to an order requiring defendant Fealy to produce any further information about his cell phone records on the date in question.

## *Conclusion*

Based on the foregoing, plaintiff's *Ex Parte* Motions seeking a revised declaration regarding "CAD + CLETS" information is GRANTED. [Doc. Nos. 92, 94.] As outlined more fully above, defendants are ordered to provide plaintiff with a new, revised declaration addressing the deficiencies raised in plaintiff's *Ex Parte* Motion [Doc. No. 94]. Defendants must provide plaintiff with this revised declaration ***within fourteen (14) days from the date this Order is entered***, and they and must also lodge a copy of the revised declaration with the Court. Plaintiff's *Ex Parte* Motion seeking an order compelling defendant Fealy to revise his Declaration regarding his cell phone records is DENIED. [Doc. No. 99.] Any request by plaintiff in the above-referenced Motions for additional time to meet and confer to attempt to resolve any disputes informally with defense counsel is DENIED.

IT IS SO ORDERED.

Dated: January 13, 2021

Hon. Karen S. Crawford
United States Magistrate Judge