UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>      Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, et al,<br><br>      Defendants. | Case No.:  19cv751-GPC(KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL**<br><br>**[Doc. No. 89]** |

  Before the Court is plaintiff's Motion for Recusal. [Doc. No. 89.] In this Motion, plaintiff argues that the undersigned Magistrate Judge should recuse from this case.[1] The main reason for the Motion is that plaintiff does not like prior rulings on discovery, scheduling, and other matters. In addition, plaintiff does not like the Chambers Rules for resolving discovery disputes, because he believes they are too complex and have resulted in defense counsel turning discovery into a game.

  Based on statements made in his Motion, it is also apparent plaintiff has reviewed metadata embedded in Court documents and makes unfounded and unsupported

---

[1] Plaintiff's Motion also states that the undersigned Magistrate Judge indicated during the Early Neutral Evaluation Conference that "she would have to recuse." [Doc. No. 89-1, at p. 4.] This is false.

1

accusations based on speculation that clerical and other staff employed by the Court are routinely drafting and entering orders on their own without the approval of any of the judges assigned to cases. In this regard, plaintiff's Motion includes baseless conspiracy theories that judges have "given their electronic signatures to staff [] effectively mak[ing] them judges;" "judges are allowing their staff and central staff to issue rulings and orders in plaintiff's cases without being aware what is going on;" and judges are being "duped" and "lied to" by their staff who "hate" plaintiff and cause the judges to be biased against him. [Doc. No. 89-1, at pp. 3-4.] The Court will simply not countenance any such meritless and untrue allegations. Contrary to plaintiff's baseless allegations, the staff members whose names can be seen in the metadata have only had some ministerial or other clerical involvement in processing Court documents. For example, the Court is aware that one of the staff members whose name is shown in the metadata was only responsible for creating a Word template or form that is used to make it easier to type the caption when drafting a court order.[2]

With respect to recusal, Title 28, United States Code, Section 455(a) states as follows: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. Some factors are "not ordinarily sufficient to require a § 455(a) recusal." *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1178–79 (9th Cir. 2005). Factors considered insufficient to require recusal include "prior

---

[2] In addition to his unfounded and unsupported accusations of inappropriate conduct in this case, plaintiff's Motion makes extraneous, irrelevant, and speculative allegations of misconduct in other cases. These matters are not properly before this Court and will not be addressed herein. In connection with these allegations, plaintiff requests that "the presiding/chief judge of this court" review his Motion and the other cases cited therein. This request is denied.

rulings in the proceeding" and "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters." *Id.*

"Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are [a litigant's] unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985).

Here, plaintiff has not presented any factual basis or evidence that would necessitate a recusal in this case. First, the Court's prior rulings that plaintiff considers unfair or unfavorable to him are not a valid basis to disqualify a judge from a case. Second, the other reasons plaintiff has cited is his Motion for Recusal are all based on unsupported and unfounded speculation rather than facts or evidence. In other words, no disqualifying circumstances have been presented, so the Court finds that recusal in this case would not be appropriate.

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's Motion for Recusal is DENIED for failure to present any facts or evidence indicating the undersigned Magistrate Judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

IT IS SO ORDERED.

Dated: January 13, 2021

Hon. Karen S. Crawford
United States Magistrate Judge