UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>                          Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, et al,<br><br>                          Defendants. | Case No.: 19cv751-GPC(KSC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ADDITIONAL TIME [Doc. No. 100];**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR MONETARY SANCTIONS [Doc. No. 101];**<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFF'S REQUEST FOR TERMINATING SANCTIONS [Doc. No. 101]** |

Plaintiff recently filed two *Ex Parte* Motions regarding depositions. [Docs. Nos. 100, 101.] The caption on the first *Ex Parte* Motion indicates the subject is "Missed 2nd Depositions." [Doc. No. 100, at p. 1.] An attached declaration states that plaintiff noticed several depositions for October 30, 2020 and November 17, 2020, but he was advised by defense counsel on October 26, 2020 that the deponents would not appear. [Doc. No. 100, at p. 2.] Thereafter, plaintiff represents he "met and conferred about this ex parte via email on November 20, 2020 to which there was no agreement." [Doc. No. 100, at p. 1.] Plaintiff's requested relief is additional time to comply with Chambers

Rule VIII(A), which requires the parties to jointly contact the Chambers of the undersigned Magistrate Judge if meet and confer efforts do not result in the resolution of a discovery dispute. [Doc. No. 100, at pp. 1-2; Doc. No. 100-1, at p. 1.] Plaintiff states he is requesting additional time, because he must satisfy the joint call requirement in Chambers Rule VIII(A) before filing any Rule 37 motions. [Doc. No. 100, at pp. 1-2.]

Plaintiff's *Ex Parte* Motion was filed without complying with the meet and confer requirements. Pursuant to Local Rule 26.1(a), parties who reside in different counties must meet and confer by telephone before filing a discovery motion. This requirement cannot be satisfied by written communications. CivLR 26.1(a). Plaintiff's *Ex Parte* Motion states that he met and conferred "via email." [Doc. No. 100, at p. 1.]

Even if the meet and confer requirements were satisfied, it would be futile for the Court to grant plaintiff's request and require the parties to make a joint call to chambers about the depositions noticed for October and November 2020. The purpose of this requirement is so that the Court can determine whether a dispute can be resolved informally in a telephonic discovery conference without the need for briefing. As outlined more fully below, plaintiff has already briefed and filed his Rule 37 motion and defendants have already filed an Opposition to plaintiff's Motion. Accordingly, the Court finds that plaintiff's request for additional time to comply with Chambers Rule VIII(A) must be DENIED. [Doc. No. 100.]

Plaintiff's second *Ex Parte* Motion seeks a briefing schedule on a motion for Rule 37 sanctions, because of defendants' alleged failure to appear at their depositions on September 10, 2020, October 30, 2020, and November 17, 2020. [Doc. No. 101, at pp. 2 *et seq*.] Although plaintiff's second *Ex Parte* Motion only seeks a briefing schedule on a sanctions motion, plaintiff attached a 17-page Memorandum of Points and Authorities arguing that terminating and/or monetary sanctions should be imposed against defendants for their failure to appear at "15 noticed depositions" and for generally failing to cooperate in completing discovery. [Doc. No. 101-1, at pp. 1 *et seq*.] In addition, defendants have already filed an Opposition to plaintiff's *Ex Parte* Motion which

addresses plaintiff's request for sanctions. [Doc. No. 103.] Therefore, the Court finds that plaintiff's request for a briefing schedule must be DENIED. [Doc. Nos. 101.]

Based on a review of plaintiff's Memorandum of Points and Authorities [Doc. No. 101-1], defendants' Opposition [Doc. No. 103], and the record, which includes prior briefing by the parties on deposition issues, the Court finds that plaintiff's request for Rule 37 sanctions can be addressed without the need for additional briefing.[1] For the reasons outlined more fully below, the Court finds that plaintiff's request for monetary sanctions must be DENIED. [Doc. No. 101.] In addition, it is RECOMMENDED that the District Court DENY plaintiff's request for terminating sanctions. [Doc. No. 101.]

## *Background*

The parties have been wrestling with a dispute over depositions since August 2020, because plaintiff wants to take remote depositions via Zoom without the procedural protections set forth in Federal Rule of Civil Procedure 30, which require the presence of a qualified deposition officer to create and maintain an impartial record. Defendants are amenable to remote depositions via Zoom, but they do not want to waive the Rule 30 protections. [*See* Doc. Nos. 68, 70, 71-1, 74, 81, 82, 86, etc.]

In connection with a prior series of *ex parte* motions filed by plaintiff, the Court issued an Order on October 5, 2020, which precludes plaintiff from conducting depositions without the presence of an independent, qualified deposition officer. [Doc. No. 87, at p. 8.] Despite the Court's October 5, 2020 Order, plaintiff's *Ex Parte* Motion seeks monetary and terminating sanctions against defendants for their alleged failure to

---

[1] The Court notes that plaintiff has repeatedly filed *ex parte* motions in this case without complying with applicable rules. Given plaintiff's *pro se* status and the fact that defendants took the time to oppose plaintiff's *ex parte* motions, the Court has previously elected, for the sake of judicial efficiency, to consider the issues raised therein rather than deny the motions for lack of compliance, which would make it necessary for both parties to submit additional briefing. In a recent Order filed on December 8, 2020, plaintiff was forewarned that any further *ex parte* motions that pertain to discovery matters will be rejected and denied if he has not complied with Chambers Rule VIII(C). [Doc. No. 105.]

1  attend noticed depositions on September 10, 2020, October 30, 2020, and November 17,
2  2020 without the presence of a qualified deposition officer.  [Doc. Nos. 101, 101-1.]

## *Discussion*

**I.     *Summary of Plaintiff's Ex Parte Motion for Rule 37 Sanctions*.**

In his Points and Authorities, plaintiff contends sanctions against defendants are warranted under Rule 37, because they unlawfully and unreasonably refused to appear for remote depositions noticed for September 10, 2020, October 30, 2020, and November 17, 2020.  Plaintiff contend defendants should have appeared for these depositions for several reasons.  First, defendants prior counsel had agreed to conduct depositions remotely via Zoom.  Second, plaintiff retained a notary public to act as a deposition officer, and this was enough to satisfy the protective requirements of Rule 30.  Third, each party could have obtained an adequate record of the depositions by using the Zoom recording feature.  Fourth, the parties could have each used their separate Zoom recordings to prepare deposition transcripts which could then be compared with the recordings to ensure the transcripts were accurate.  [Doc. No. 101-1, at pp. 1-6.]  In addition, plaintiff argues that Rule 37 sanctions against defendants are warranted, because they declined to appear for their depositions when no formal motion for a protective order was pending before the Court.  [Doc. No. 101-1, at pp. 5-10.]

If terminating sanctions are not allowed, plaintiff argues that monetary sanctions should be imposed against defendants to reimburse him for the cost of a deposition officer and for "out of pocket expenses" he incurred "for the missed depositions."  [Doc. No. 101-1, at pp. 16-17.]  These expenses include payment to a "deposition officer" to set aside time to appear at depositions; printing and FedEx costs incurred in connection with noticing depositions; and the cost of a Zoom license that was not used.  [Doc. No. 101, at p. 7.]

///
///
///

## II. *Federal Rule of Civil Procedure 37.*

### A. *Monetary Sanctions Under Rule 37.*

Under Federal Rule of Civil Procedure 37(a), "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure of discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37(a). If a motion to compel is granted, monetary sanctions can be imposed against the non-moving party. However, sanctions against a non-moving party are not warranted if the moving party filed the motion before the meet and confer requirements were satisfied; the non-party's objection was substantially justified; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). "If the motion is denied, the court may issue any protective order authorized under Rule 26(c)" and may also impose sanctions in favor of the moving party or deponent. Fed. R. Civ. P. 37(a)(5)(B).

With respect to party depositions, Federal Rule 37(d)(1)(A) states as follows: "The court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1)(A)(i). Monetary sanctions against a party deponent for a failure to appear must be imposed "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"[A] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed.R.Civ.P. 37(d)(2). Federal Rule 26(c)(1) states as follows: "A party or any person from whom discovery is sought may move for a protective order. . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed.R.Civ.P. 26(c)(1). In addition, Local Rule 26.1(a)

states in part as follows: "The court will entertain no motion pursuant to Rules 26 through 37, Fed.R.Civ.P., unless counsel will have previously met and conferred concerning all disputed issues. . . . ***Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence.***" CivLR 26.1(a) (emphasis added).

### B. <u>Terminating Sanctions Under Rule 37</u>.

Federal Rule of Civil Procedure 37(b)(2) "provides parties with a mechanism for seeking sanctions against another party for 'failure to comply with a court order.'" *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 975 (9th Cir. 2017). For failing to comply with a discovery order, sanctions may be imposed under Rule 37(b)(2) "up to and including 'dismissing the action or proceeding in whole or in part.'" *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1053 (S.D. Cal. 2015). However, severe sanctions such as dismissal or default are not appropriate "in the absence of willfulness, bad faith, or fault." *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1340 (9th Cir. 1985).

## III. <u>Rule 30 Deposition Standards</u>.

Federal Rule of Civil Procedure 30(b)(4) does permit the parties to "stipulate" that a deposition will be completed by remote means. Fed.R.Civ.P. 30(b)(4). Here, there is no dispute that both parties agreed depositions could be conducted remotely via Zoom. However, it is apparent there was no agreement by the parties concerning the method of recording or the need for the presence of an independent, qualified deposition officer. [Doc. No. 103, at p. 5; Doc. No. 101-1, at p. 4.] Indeed, plaintiff has indicated defendants took his deposition via Zoom, but a court reporter was present. [Doc. No. 101-1, at p. 3.]

With respect to the method of recording, Federal Rule of Civil Procedure 30 permits the noticing party to state in the notice whether the deposition will "be recorded by audio, audiovisual, or stenographic means." Fed.R.Civ.P 30(b)(3). "The noticing party bears the recording costs." Fed.R.Civ.P. 30(b)(3)(A). The party being noticed to

appear for a deposition may, at its own expense, designate an additional method of recording. Fed.R.Civ.P. 30(b)(3)(B).

With respect to the presence of a qualified deposition officer, Rule 30(b)(5)(A) states as follows: "Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28." Fed.R.Civ.P. 30(b)(5)(A). In Rule 28(a)(2), an "officer" is defined as "a person appointed by the court under this rule or designated by the parties under Rule 29(a)." Fed.R.Civ.P. 28(a)(2). Rule 29(a) states in part as follows: "Unless the court orders otherwise, the parties may stipulate that: (a) a deposition may be taken before any person . . ., and in the manner specified—in which event it may be used in the same way as any other deposition." Fed.R.Civ.P. 29(a). However, some persons are disqualified from acting as a deposition officer. "A deposition must not be taken before a person who is any party's relative, employee, or attorney; or who is financially interested in the action." Fed.R.Civ.P. 28(c). Plaintiff and defense counsel are therefore disqualified from acting as deposition officers under Rule 28(c).

The deposition officer has many important functions, one of which is to record the deposition in an impartial manner. For example, if the deposition "is recorded non-stenographically," the deposition officer must ensure that "[t]he deponent's and attorneys' appearance or demeanor [are not] distorted through recording techniques." Fed.R.Civ.P. 30(b)(5)(B).

In a recent case entitled *Alcorn v. City of Chicago*, __ F.R.D. __, 2020 WL 4904567 (N.D. Ill. 2020), the plaintiff wanted to be able to use an "uncertified" Zoom recording of a deposition as evidence at summary judgment and trial without hiring an independent videographer to certify the accuracy of the Zoom recording. *Id.* at 1. A court reporter had been retained to stenographically record the deposition and prepare a certified transcript. However, the court reporter declined to certify any Zoom video recording "without the hiring and presence of a videographer, who has her own procedures and technology for a certified video deposition." *Id.*

The District Court in *Alcorn* concluded the plaintiff's proposal was "untenable," because "[t]here would be no certification that the Zoom video recording accurately captures the testimony of the deponent. Plaintiff's proposal essentially seeks an end-run around the procedures outlined in Rule 30." *Id.* at 2. "Rule 30 has a specific process for taking a deposition that is to be certified under the rules, and for ensuring that a disinterested third-party, designated as a Rule 28 officer, affirms the accuracy of the recording and vouches for the integrity of the final result. That process cannot be so easily circumvented." *Id.* at 4.

### IV. *Depositions Noticed by Plaintiff for September 10, 2020.*

With respect to the depositions noticed by plaintiff for September 10, 2020, the record shows that a dispute arose between the parties over the application of Rule 30 on or about August 13, 2020. On August 13, 2020, plaintiff requested by e-mail at 6:30 p.m. that defendants agree to remote depositions and to waive the procedural protections of Rule 30. [Doc. No. 70, at pp. 2-3, 10-11; Doc. No. 70-1, at pp. 5, 35-38; Doc. No. 68-1, at p. 12.] The next day, August 14, 2020, before defendants had an opportunity to respond to plaintiff's e-mail and before the parties met and conferred [*id.*], plaintiff filed an *Ex Parte* Motion, seeking an order: (1) allowing "any person" to act as the deposition officer, because plaintiff "likely can find someone on the cheap on Craigslist;" (2) permitting depositions to proceed remotely via Zoom; (3) allowing plaintiff to "simply" record the depositions using Zoom; and (4) having the Zoom recordings transcribed later "if needed." [Doc. No. 68-1, at p. 12.] On August 19, 2020, defendants filed an Opposition. [Doc. No. 103.]

Once the Rule 30 issues were raised in plaintiff's *Ex Parte* Motion, defendants had no choice but to promptly file an Opposition. [Doc. No. 70.] In their Opposition, defendants argued the Court should deny plaintiff's *Ex Parte* Motion for various reasons, including a failure to meet and confer. [Doc. No. 70, at pp. 2-3.] Defendants' Opposition also outlined numerous concerns about plaintiff's proposed deposition procedures and objected to any order by the Court permitting plaintiff to take depositions without

1  Rule 30 protections.  [Doc. No. 70, at pp. 10-11.]  While plaintiff's *Ex Parte* Motion was
2  pending before the Court, it was not unreasonable for defendants to decline to appear for
3  depositions until the Court ruled as to whether they would be required to appear for
4  depositions without Rule 30 protections.

5  In addition, while plaintiff's *Ex Parte* Motion was still pending, he sent an e-mail
6  to defense counsel on September 9, 2020 advising that the depositions "are on for
7  tomorrow" because plaintiff had retained a notary.  [Doc. No. 81, at p. 3.]  Defense
8  counsel replied that a notary was not enough to alleviate all the concerns defendants
9  expressed in their Opposition to plaintiff's *Ex Parte* Motion on this issue.  Since the
10 Court had not yet ruled on the pending *Ex Parte* Motion, defense counsel reasonably
11 responded the deponents would not appear for depositions on September 10, 2020.
12 Defense counsel correctly advised plaintiff that "the best path forward" would be to wait
13 for the Court to rule on plaintiff's *Ex Parte* Motion.  [Doc. No. 81, at pp. 3-5.  *See also*
14 Doc. No. 70-1, at p. 42.]

15 On September 17, 2020 and September 24, 2020, before the Court ruled on the
16 deposition issues that were still pending, plaintiff filed Notices withdrawing the portions
17 of his pending *Ex Parte* Motions seeking to compel defendants to appear for depositions.
18 [Doc. Nos. 82, 86, referring to Doc. Nos. 68, 74, 78.]  These Notices inaccurately indicate
19 the parties' dispute over depositions had been resolved, because plaintiff was able "to
20 find and pay a notary for the depositions."  [Doc. Nos. 82, 86.]  In this Court's view,
21 plaintiff was not entitled to unilaterally withdraw the dispute over his proposed
22 exceptions to the Rule 30 deposition requirements from the Court's consideration, and
23 defendants were entitled to disregard the withdrawals and to continue to await the Court's
24 ruling before appearing for any depositions.

25 The Court also rejects plaintiff argument that Rule 37 sanctions are warranted,
26 because defendants declined to appear for depositions on September 10, 2020 without
27 filing a formal motion for a protective order pursuant to Federal Rule 37(d)(2).  A formal
28 motion for a protective order under Rule 26(c)(1) would have been duplicative of the

issues already raised in plaintiff's *Ex Parte* Motion and defendants' Opposition thereto. In addition, a formal motion for protective order would have been subject to denial as premature under Rule 26(c)(1) for failure to meet and confer, and the meet and confer requirements were not satisfied because plaintiff filed his *Ex Parte* Motion prematurely.

It is also significant that plaintiff's *Ex Parte* Motion was seeking exception to the Rule 30 deposition requirements while he was simultaneously representing to the Court that he would not even need to take depositions if he was granted additional time to obtain responses to written discovery requests.  [*See, e.g.*, Doc. 71-1, at p. 2 (*Ex Parte* Motion filed by plaintiff on August 21, 2020 seeking an extension of the deadline for completing discovery so that he could serve additional interrogatories to "avoid having to do depositions if possible" and explaining that interrogatories are "much easier" and "cheaper than forcing the parties to engage in depositions.")  *See also* Doc. No. 74-1, at pp. 6-7.]  Once again, defendants were entitled to await the Court's ruling on the Rule 30 deposition requirements and to also wait to see whether plaintiff would pursue written discovery requests in lieu of depositions.

Because of the COVID-19 public health emergency, the Court is aware that depositions via Zoom and other remote means have become a necessary and regular occurrence in legal proceedings.  *See e.g.*, *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206 D. Nev. 2020) (acknowledging that "courts within the Ninth Circuit routinely highlight remote depositions as an effective and appropriate means to keep cases moving forward notwithstanding pandemic-related restrictions"); *Grano v. Sodexo Management, Inc.*, 335 F.R.D. 411 (S.D. Cal. 2020) (stating that "attorneys all over the country are having to adjust to conducting depositions via videoconference").  In civil cases, it is this Court's experience that during the pandemic counsel have routinely been able to meet and confer and agree on the need for appropriate protocols so that the rights of all parties are protected under Rule 30 during remote depositions.  *See, e.g.*, *Schoonover v. Iovate Health Sciences U.S.A., Inc.*, 2020 WL 7094061 (C.D. Cal. 2020) (citing the need for

establishing deposition protocols for remote depositions to avoid risks, such as counsel being able to text answers or suggestions to the deponent without being detected).

In this case, it is apparent that meaningful meet and confer efforts did not occur, and the parties were unable to reach an agreement on how best to proceed with depositions noticed by plaintiff. In part, this is because plaintiff is proceeding *pro se*, and it is apparent he does not fully understand the Rule 30 protections or their importance in ensuring both parties can obtain an impartial, accurate record of depositions that can be used as evidence. In addition, it is apparent this dispute arose because plaintiff is proceeding *in forma pauperis* and cannot afford the full cost of a qualified deposition officer.[2] However, if meaningful meet and confer efforts had occurred, it would have been possible for the parties to reach an agreement that would have addressed defendants' concerns and minimized the costs to plaintiff. Because there were no meaningful meet and confer efforts before plaintiff filed his *Ex Parte* Motion and no agreement had been reached, it is this Court's view that defendants were substantially justified in declining to appear for depositions noticed by plaintiff for September 10, 2020.

Based on the foregoing, it would not be appropriate for the Court to compel defendants to appear for depositions or to impose monetary sanctions against defendants for failing to appear for noticed depositions on September 10, 2020. At no time did defendants unreasonably or unjustifiably refuse to appear for these depositions. Accordingly, the Court finds that plaintiff's Motion for Sanctions must be DENIED to

---

[2]  As noted in the Court's October 5, 2020 Order, *pro se* plaintiffs proceeding *in forma pauperis* are not entitled to a waiver of the costs associated with taking depositions. *See, e.g.*, *Thomas v. Douglas*, 2015 WL 13763647, at p. 1 (C.D. Cal. 2015), citing *Brooks v. Quinn & Quinn*, 257 F.R.D. 415, 417 (D. Del. 2009) ("Although plaintiff is proceeding *in forma pauperis*, the court has no authority to finance or pay for a party's discovery expenses."). [Doc. No. 87, at p. 7.]

1 the extent it seeks monetary sanctions against defendants for declining to appear for
2 noticed depositions on or about September 10, 2020.  Additionally, IT IS
3 RECOMMENDED that the District Court DENY plaintiff's request for terminating
4 sanctions against defendants for declining to appear at the September 20, 2020
5 depositions.  Under the circumstances presented, terminating sanctions are not warranted,
6 because defendants did not act willfully or in bad faith and did not fail to comply with an
7 order requiring them to appear for these depositions.

8 **V.     Plaintiff's Deposition Notices for October 30, 2020 and November 17, 2020.**

9 As noted above, on October 5, 2020, the Court ruled on various issues raised in
10 plaintiff's pending *Ex Parte* Motions. [Doc. No. 87, addressing Doc. Nos. 68, 71, 74,
11 78.]  With respect to the dispute over depositions, the Court's October 5, 2020 Order
12 states as follows: "***Plaintiff's request to conduct depositions without an independent,***
13 ***qualified deposition officer who meets the requirements of Rule 30 of the Federal***
14 ***Rules of Civil Procedure is DENIED***." [Doc. No. 87, at p. 8 (emphasis added).]

15 Despite the Court's October 5, 2020 Order, plaintiff noticed depositions for
16 October 30, 2020 and November 17, 2020 and advised defense counsel he intended to
17 proceed with the depositions before a notary, record the testimony, and "then get a
18 transcript from there." [Doc. No. 101-1, at p. 8.]  On October 26, 2020, defense counsel
19 notified plaintiff once again that none of the deponents would appear for their
20 depositions. [Doc. No. 100, at p. 2; Doc. No. 100-1, at p. 1.]  Defense counsel advised
21 plaintiff as follows: "[W]e do not believe the depositions you have noticed are proper in
22 light of the Court's Orders at ECF Nos. 87 and 88," so "we will not be appearing for the
23 depositions you have noticed. . . ." [Doc. No. 101, at p. 7.]

24 Absent assurances from plaintiff that a qualified deposition officer would be
25 present, defendants were entitled to rely on the Court's October 5, 2020 Order in
26 declining to appear for depositions on October 30, 2020 and November 17, 2020.  In
27 other words, defendants were substantially justified in their refusal to appear for this
28 second set of noticed depositions.  Accordingly, it would not be appropriate for the Court

to compel defendants to appear for these depositions or to impose monetary sanctions against them for failing to appear. Therefore, the Court finds that plaintiff's Motion for Sanctions must be DENIED to the extent it seeks monetary sanctions against defendants for declining or failing to appear at noticed depositions on or about October 30, 2020 and November 17, 2020. Additionally, IT IS RECOMMENDED that the District Court DENY plaintiff's request for terminating sanctions against defendants for declining to appear at noticed depositions on or about October 30, 2020 and November 17, 2020. Under the circumstances presented, terminating sanctions are not warranted, because defendants did not act willfully or in bad faith and did not fail to comply with an order requiring them to appear for these depositions.

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's request for additional time to comply with Chambers Rule VIII(A) is DENIED. [Doc. No. 100.]

IT IS FURTHER ORDERED that plaintiff's Motion for Sanctions is DENIED to the extent it seeks an order from the Court compelling defendants to appear for depositions and/or an order from the Court awarding monetary sanctions against defendants for declining to appear for noticed depositions on or about September 10, 2020, October 30, 2020, and November 17, 2020. [Doc. No. 101.] Monetary sanctions against defendants under Rule 37 would not be appropriate, because defendants were substantially justified in declining to appear for these depositions.

Additionally, and for the reasons outlined above, IT IS RECOMMENDED that the District Court DENY plaintiff's request for terminating sanctions against defendants for declining to appear for noticed depositions on or about September 10, 2020, October 30, 2020, and November 17, 2020. [Doc. No. 101.]. Terminating sanctions are not warranted, because defendants did not act willfully or in bad faith and did not fail to comply with an order requiring them to appear for these depositions.

In accordance with Title 28, United States Code, Section 636(b)(1), any party may file objections to this recommendation within 14 days after being served with a copy.

The document should be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: January 13, 2021

Hon. Karen S. Crawford
United States Magistrate Judge