UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, et al,<br><br>　　　　　　　　　Defendants. | Case No.:  19cv751-GPC(KSC)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR RECONSIDERATION**<br><br>**[Doc. Nos. 91, 91-1.]** |

　　　　Before the Court is plaintiff's *Ex Parte* Motion for Reconsideration.  As outlined more fully below, this *Ex Parte* Motion seeks reconsideration of several prior discovery rulings.  [Doc. No. 91-1.]  Defendants contend plaintiff's *Ex Parte* Motion is duplicative and unwarranted.  [Doc. No. 96, at p. 4.]  For the reasons outlined more fully below, the Court finds that plaintiff's *Ex Parte* Motion must be DENIED.

　　　　"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. [Citation omitted.]  A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. [Citation omitted.]'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  When seeking reconsideration, a party's

moving papers must include an affidavit setting forth any new or different facts that did not exist when the prior request for relief was made.  CivLR 7.1(i).

Plaintiff wants the Court to reconsider three separate rulings.  First, he cites the Court's ruling that it is not necessary for defendant Fealy to disclose his cell phone number or the cell phone number of any other party for reasons of privacy and because plaintiff did not establish the relevance or importance of this information.  [Doc. No. 91-1, at pp.1-2, referring to Doc. No. 87, at p. 7.]  Plaintiff argues that the Court should have required defendant Fealy to disclose the identity of any person he spoke to on the telephone during the alleged illegal stop, because he believes any such person would be a key witness and it would be helpful for the trier of fact to know who defendant Fealy was speaking with on the telephone during the stop.  Otherwise, plaintiff speculates the trier of fact would assume he was "talking with dispatch or something."  [Doc. No. 91-1, p. 1.]

Second, plaintiff argues the Court should reconsider its statement that matters related to his deposition notices are "moot." [Doc. No. 91-1, at p. 2, referring to Doc. Nos. 87, 88.]  Plaintiff argues that matters related to his deposition notices are not moot, because he should be able to seek reimbursement of costs for any "missed deposition." [Doc. No. 91-1, at p. 2.]  In addition, plaintiff argues the Court did not preclude him from re-serving defendants with new deposition notices.  According to plaintiff, he did not give up his right to take depositions when he indicated they would not be necessary if he could serve additional interrogatories.  [Doc. No. 91-1, at pp. 2-3.]  To the extent the Court's prior Orders [Doc. Nos. 87, 88] allow defendants to avoid depositions, plaintiff contends the rulings should be reconsidered, because he believes he will be prejudiced if he is unable to take defendants' depositions. [Doc. No. 91-1, at pp. 3-4.]

Third, plaintiff argues that the Court should reconsider its decision to extend the fact discovery deadline without extending the deadlines for designating experts and completing expert discovery.  Plaintiff argues he cannot be expected to designate experts before fact discovery is completed.  [Doc. No. 91-1, at p. 4.]

/ / /

  Along with his *Ex Parte* Motion for Reconsideration, plaintiff did not submit the required affidavit setting forth "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." CivLR 7.1(i).  Nor does plaintiff's *Ex Parte* Motion cite any new facts or evidence that would justify a change in the rulings cited above.  Plaintiff's *Ex Parte* Motion also does not cite a change in circumstances or a change in the controlling law that would justify reconsideration of the Court's prior rulings.  In addition, there does not appear to be any arguments in plaintiff's *Ex Parte* Motion that could not have been made in earlier motions.  Rather, it appears that plaintiff filed his *Ex Parte* Motion for Reconsideration because he does not like the Court's prior rulings, and he simply wanted another chance to present them to the Court.  However, this is not enough.

  Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's *Ex Parte* Motion seeking reconsideration of prior discovery rulings is DENIED.  [Doc. Nos. 91, 91-1.]

  IT IS SO ORDERED.

Dated:  January 13, 2021

Hon. Karen S. Crawford
United States Magistrate Judge