UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, et al,<br><br>　　　　　　　　　Defendants. | Case No.: 19cv751-GPC(KSC)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO RECONSIDER OR VACATE ECF 138 REQUIRE-MENTS RE: PUBLIC DISCLOSURE**<br><br>**[Doc. No. 157.]** |

Before the Court is plaintiff's Ex Parte Motion to Reconsider or Vacate ECF 138 Requirements Re: Public Disclosure. [Doc. No. 157.] "ECF 138" refers to the Court's prior Order Re Defendants' Motion for Reconsideration of Discovery Order. [Doc. No. 138.] In pertinent part, this prior Order states as follows:

> [D]efendants must produce the subject CLETS data as previously ordered [Doc. No. 110] within two business days of the date this Order is entered ***subject to the following*** **Protective Order: *Plaintiff is prohibited from using, referencing, disclosing, or otherwise disseminating any of the CLETS data outside of the present lawsuit; and further, may not reference or disclose such information in any public filing in this case.***

[Doc. No. 138, at p. 2.]

Essentially, plaintiff filed his Ex Parte Motion to Reconsider or Vacate ECF 138, because he does not like the Protective Order and wants to be able to file the CLETS data

1

19cv751-GPC(KSC)

in the public record. [Doc. No. 157, at pp. 1-2.] He argues that the Court should reconsider and vacate this Protective Order, because (1) he did not have an opportunity to brief the issue; (2) "Court proceedings are public affairs and should not have documents or surrounding arguments sealed;" and (3) defendants only sought a protective order prohibiting plaintiff from using the CLETS data "outside this proceeding." [Doc. No. 157, at pp. 1, 3-4.]

Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms . . . for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; [and] (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ." Fed.R.Civ.P. 26(c)(1)(A)-(D).

Here, there is good cause for the Protective Order based on the highly sensitive and confidential nature of the CLETS data as outlined by defendants in their January 25, 2021 Ex Parte Motion for Reconsideration of Order Re Discovery. [Doc. No. 123.] The subject Protective Order does not preclude plaintiff from using, referencing, or disclosing CLETS data in this proceeding if he does so under seal. Having to file a motion to seal the CLETS data and any references thereto in his briefing may be an inconvenience to plaintiff, but it does not prejudice him or prevent him from using this information to support his claims. Accordingly,

Plaintiff's Ex Parte Motion to Reconsider or Vacate ECF 138 Requirements Re: Public Disclosure is DENIED. [Doc. No. 157.]

IT IS SO ORDERED.

Dated: April 8, 2021

Hon. Karen S. Crawford
United States Magistrate Judge