1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11  | AARON RAISER,                    | Case No.:  19-cv-0751-GPC-KSC

12  |                       Plaintiff, | **ORDER DENYING PLAINTIFF'S**

13  | v.                               | **OBJECTIONS TO MAGISTRATE**
    |                                  | **JUDGE'S DISCOVERY ORDERS**

14  | SAN DIEGO COUNTY, et al.,         |

15  |                      Defendants. | **[ECF Nos. 160, 161]**

16

17        On April 12, 2021, Plaintiff filed an Ex Parte Application and an amended version

18  of it ("Objections"), which seek to reverse/vacate the Magistrate Judge's Discovery Order

19  and the Order that denied Plaintiff's Motion for Reconsider on the issue ("Discovery

20  Orders").  (ECF Nos. 160, 161.)  The Court **DENIES** Plaintiff's Objections.

21        Plaintiff takes issue with the part of the Magistrate Judge's Order (and its

22  affirmation thereof upon reconsideration) where "Plaintiff is prohibited from using,

23  referencing, disclosing, or otherwise disseminating any of the CLETS [California Law

24  Enforcement Telecommunications System] data outside of the present lawsuit; and

25  further, may not reference or disclose such information in any public filing in this case."

26  ECF No. 138 at 2.  Specifically, the Magistrate Judge found good cause for a protective

27                                    1

28

order due to "the confidential nature of CLETS data." *Id.* The Magistrate Judge reaffirmed that the CLETS data are "highly sensitive and confidential," and that a protective order pursuant to Federal Rule of Civil Procedure 26(c) ("Rule 26(c)") does not preclude Plaintiff from referring to the necessary evidence as long as it is done under seal. ECF No. 159 at 2.

Discovery issues are generally considered non-dispositive. *See, e.g.*, *Cervantes v. San Diego Police Chief Shelley Zimmerman*, No. 17-CV-1230-BAS-NLS, 2019 WL 3072307, at *2 (S.D. Cal. July 15, 2019) (citing *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748 (9th Cir. 1996)). And if a party objects to a non-dispositive pretrial ruling by a magistrate judge, the court reviews or reconsiders the magistrate judge's ruling under the "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a). This standard is a "far more deferential standard," which is "clearly intended . . . to [make the non-dispositive ruling] be final unless a judge of the court exercises his ultimate authority to reconsider the magistrate's determination." *United States v. Abonce-Barrera*, 257 F.3d 959, 968–69 (9th Cir. 2001).

The Court does not find the Magistrate Judge's Orders clearly erroneous or contrary to law that warrants a reversal or vacatur. At minimum, it is evident that CLETS data by their very nature include sensitive information that is highly regulated, such as in California Penal Code Section 11142. *See, e.g.*, *Ellins v. City of Sierra Madre*, 244 Cal. App. 4th 445, 450 (2016) ("[T]he CLETS database "is a confidential law enforcement database that allows police officers to access [several integrated databases containing] an individual's criminal history, as well as driver's license and vehicle registration information." (second emphases in original)); *cf.* Fed. R. Civ. P. 26(c)(1) (permitting protective orders from "annoyance, embarrassment, oppression, or undue burden").

The issue is *not* whether Plaintiff represents the operative CLETS evidence to be benign, non-sensitive, or personally waived. The protective order exists out of

2

institutional caution, so that a document that ends up being sensitive or confidential does not accidentally get disclosed to the public, in which case the injury would be irreversible.  Contrary to Plaintiff's reference to the Chambers Rules, the Chambers Rules cite a variety of reasons that a protection of information pursuant to Rule 26(c) might be necessary.  Without the Court reviewing the document first (and not documents used in other court cases), there is no way to know whether the relevant CLETS data are in fact information that may be revealed to the public or not.

Thus, the proper procedure is for Plaintiff to submit a motion to file under seal while in that motion flag that the "request" is solely to comply with the Magistrate Judge's protective order.  Upon review of the seal motion and the underlying documents, the Court will determine whether Plaintiff's representations of the CLETS data indeed warrant public access.  And if so, the Court may "deny" the motion in which case the documents will be available to the public.  Alternatively, the Court may order Plaintiff to file a redacted version of the documents instead so that any personally identifiable information may be protected, while the rest of the document is publicly available.

The Court concludes that the Magistrate Judge's Discovery Orders were not clearly erroneous or contrary to law.  Accordingly, Plaintiff's Objections are **DENIED**.[1]

**IT IS SO ORDERED.**

Dated:  April 13, 2021

Hon. Gonzalo P. Curiel
United States District Judge

_____

[1] Further, the Court warns Plaintiff against relying on this Order's decision (and thus Plaintiff needing to file a motion to seal) for an additional extension.  Plaintiff is already familiar with the process of filing a seal motion (even as a *pro se* litigant), and should have been aware of (and thus account for) the possibility that the Court might deny Plaintiff's Objections.  This Court has already granted five Ex Parte Applications for an extension, ultimately continuing the briefing schedule by over a month.