# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 19-cv-0751-GPC-KSC<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO ALLOW SUR-REPLY**<br><br>**[ECF Nos. 172, 173]** |

Plaintiff filed an Ex Parte Application for an Order to Allow a Sur-Reply. *See* ECF Nos. 172, 173. The Court **DENIES** Plaintiff's request. "The Court generally views motions for leave to file a surreply with disfavor." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016) (citations omitted); *accord Viasat, Inc. v. Acacia Commc'ns, Inc.*, No. 316CV00463BENJMA, 2018 WL 3198798, at *1 (S.D. Cal. June 26, 2018). While courts have discretion to permit or preclude a sur-reply, the discretion to permit sur-replies should be exercised "only where a valid reason for such additional briefing exists." *Viasat*, 2018 WL 3198798, at *1.

A new argument or new evidence in a reply brief could be a valid reason for the Court to grant a sur-reply. *See, e.g.*, *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276

1  (N.D. Cal. 2014) (citations omitted).  But contrary to Plaintiff's characterization
2  otherwise, the "new" arguments in Defendants' Reply brief are merely responses to
3  Plaintiff's Opposition brief, not new legal issues or new evidence.  *Cf. Garcia*, 195 F.
4  Supp. 3d at 1134 ("Defendants, however, did not provide any new evidence in the reply
5  to Plaintiff's opposition nor did Defendants raise new issues or arguments.  Rather,
6  Defendants cited to the record, their Motion, and various legal authorities and
7  substantively addressed those new issues raised by Plaintiff in his opposition."); *Great
8  Am. Ins. Co. v. Berl*, No. CV 17-03767 SJO, 2017 WL 8180627, at *1 (C.D. Cal. Oct. 23,
9  2017) ("[A]n argument is not 'new' when it is made in response to an issue raised in an
10 earlier briefing.").

Ultimately the Court views Plaintiff's request as simply "an attempt to have the last word on this issue," a reason why courts "thoroughly disfavor" requests for sur-replies.  *Viasat*, 2018 WL 3198798, at *1.  The Court rejects such requests, as it refuses to be "in the position of refereeing an endless volley of briefs." *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005).

**IT IS SO ORDERED.**

Dated:  May 17, 2021

Hon. Gonzalo P. Curiel
United States District Judge