UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 19-cv-0751-GPC-KSC<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO SEAL CLETS DOCUMENTS AND FILING THE DOCUMENTS UNSEALED**<br><br>**[ECF No. 163]** |

　　　　On April 14, 2021, Plaintiff filed an Ex Parte Application for an Order to (Not) Seal CLETS [California Law Enforcement Telecommunications System] Documents. ECF No. 163. Plaintiff moves to file the CLETS documents sealed solely to comply with the Magistrate Judge's Protective Order, *see* ECF Nos. 138, 159, 162, and wishes to file the underlying documents as a publicly available record instead.

　　　　Upon review of the underlying documents, the Court agrees with Plaintiff that the matter does not need to be sealed. Courts apply a "strong presumption in favor of access" to documents filed in litigation. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). To overcome that presumption, there must be "compelling reasons supported by specific factual findings that outweigh the general history of access

and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (quotation marks, citations, and brackets omitted) (discussing the requirements even in the face of a protective order).

No compelling reason exists to seal the CLETS documents that Plaintiff intends to file. The underlying information concerns the vehicle identification number ("VIN") of Plaintiff's vehicle, and certain personally identifying information of Plaintiff. To the extent that Plaintiff has waived all privacy issues and that similar details are already available to the public in other court documents, it is appropriate to file the documents not under seal. *See United States v. Seugasala*, 670 F. App'x 641, 642 (9th Cir. 2016); *cf.* Fed. R. Civ. P. 5.2(h) (discussing how a person may waive the privacy protections by filing a document without redaction and not under seal).

Accordingly, the Court **DENIES** Plaintiff's motion to file the CLETS documents at-issue under seal, which means that the documents may be filed publicly. The Court is in receipt of the lodged sealed documents, albeit filed in discrepancy. To conserve resources, especially considering Plaintiff's status as a pro se litigant, the Court will issue separate discrepancy orders to file the lodged documents nunc pro tunc. This way Plaintiff will not need to undergo the extra burden of having to re-file the documents he already submitted to the Court.

**IT IS SO ORDERED.**

Dated:  May 18, 2021

Hon. Gonzalo P. Curiel
United States District Judge