# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 19-cv-0751-GPC-KSC<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR RECUSAL; AND**<br><br>**(2) SUA SPONTE GRANTING THE FILING OF SUR-REPLY**<br><br>**[ECF Nos. 187, 190, 196]** |

## INTRODUCTION

Before the Court is Plaintiff's Motion for Recusal, initially filed on May 21, 2021, and amended on May 24, 2021. ECF Nos. 187, 190. Defendants filed an Opposition, ECF No. 192, and Plaintiff filed a Reply afterwards,[1] ECF Nos. 194, 197. Upon considering the moving documents and the case record, the Court **DENIES** Plaintiff's

---

[1] Plaintiff moved to amend/correct the Reply brief, *see* ECF No. 196, which the Court accepts and thus considers the Amended Reply, ECF No. 197.

1

Motion for Recusal, but *sua sponte* **GRANTS** the filing of Plaintiff's proposed Sur-Reply, ECF No. 173, so that the Sur-Reply is deemed filed and taken into consideration.

## **DISCUSSION**

The standard for recusal under 28 U.S.C. §§ 144, 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)). The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *See id*. Here, Plaintiff does not allege prejudice from an extrajudicial source. Instead, Plaintiff claims that the Court is biased against him because he was not permitted to file a sur-reply, whereas in other cases which the Court has adjudicated, the litigants were given permission. For the reasons stated herein, the Court concludes that Plaintiff has failed to prove prejudice from an extrajudicial source or that the Court's impartiality might reasonably be questioned.

With respect to the filing of a sur-reply, the Local Civil Rules do not provide for the filing of sur-replies but district courts have the discretion to permit or preclude such a filing. *See, e.g., United States ex rel Meyer v. Horizon Health Corp*., 565 F. 3d 1195, 1203 (9th Cir. 2009). And although this Court has granted permission in some cases, this Court has also denied sur-reply briefings in other cases. *See, e.g.*, *SEC v. Schooler*, No. 3:12-CV-2164-GPC-JMA, 2014 WL 12026076, at *2 (S.D. Cal. Oct. 20, 2014); *Cottle-Banks v. Cox Commc'ns, Inc.*, No. 10CV2133-GPC WVG, 2013 WL 2244333, at *3 (S.D. Cal. May 21, 2013).

In granting leave to file a sur-reply, what matters are the reasons offered to justify the filing of a sur-reply and a review of the record to determine whether those reasons warrant a sur-reply. Discretion for leave to file a sur-reply should be exercised in favor of allowing a movant's request for a sur-reply only where a valid reason for additional

2

19-cv-0751-GPC-KSC

briefing exists, such as where the reply brief introduces new evidence and argument. *See United States v. Venture One Mortg. Corp.*, No. 13-CV-1872-W (JLB), 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015) (citations omitted).

In this case, the Court initially rejected the proposed sur-replies because it concluded that they were unnecessary in resolving the summary judgment. For example, Plaintiff's sur-reply responds to Defendants' claims on whether Plaintiff complied with the Chambers Rules. Specifically, Defendants' reply brief asserted that Plaintiff failed to follow the Chambers Rules as to the content of his opposition to the statement of undisputed facts and that the Court should grant summary judgment on that basis. ECF No. 167 at 2–4. In support, Defendants argued that Plaintiff submitted a "prolix mass of responses that throw in legal argument, objections, case cites, and citations to a self-serving declaration." *Id*. at 2–3. The Court disagrees with Defendants' description. Under the Court's Chambers Rules governing motions for summary judgment, where a fact is disputed, the opposing party must state "the reasons for the dispute and cite the evidence that supports the position that the fact is controverted." Plaintiff's opposition does that, is not needlessly prolix, and to a limited extent presents argument that should be made in the memorandum of points and authorities in opposition to the motion for summary judgment. Overall, Defendants' separate statement and Plaintiff's opposition allow the Court to pinpoint the disputed material facts and the basis for the dispute. *See* Chambers Rules 3 (discussing how the "Separate statements are merely used as an aid to assist the Court in pinpointing the material facts"). In view of this record, the Court concluded that a sur-reply was unnecessary on the argument that Plaintiff had not complied with the Court's Chambers Rules.

Further, Plaintiff's proposed sur-replies state the following: "As to qualified immunity at ECF 167 3:11 – 4:19 Plaintiff cited to many more cases than simply 2 cases showing on multiple fronts qualified immunity is improper, and did some very good legal

analysis of the issue, none of which Defendants address, and they only ignore it." ECF No. 173 at 4; ECF No. 177-2 at 4. Having read the briefs already filed, the Court is capable of assessing whether Plaintiff cited to more than 2 cases or not, whether Plaintiff's legal analysis was "very good" or not, and whether Defendants "ignored" Defendants' arguments or not. A sur-reply would have added nothing to the Court's analysis.

Plaintiff also points to certain out-of-circuit cases and an unpublished district court case that were cited in the reply by the Defendants as justifying a sur-reply. ECF No. 173 at 8–10. The cases do not present new legal arguments or evidence. At the same time, upon further inspection, the court finds that certain cases cited by Defendants in their reply brief, such as *United States v. Wallace*, 937 F. 3d 130, 139-140 (2nd Cir. 2019), *cert. denied*, 140 S.Ct. 2551 (2020), *reh'g denied*, 140 S.Ct. 2799 (2020), and *United States v. Bustamonte*, No. 1:19-CR-00172-DCN, 2021 WL 861702, at *1 (D. Idaho Mar. 8, 2021), are salient to the motion for summary judgment issues, and, upon reconsideration, the Court will exercise its discretion to permit Plaintiff's sur-reply, ECF No. 173, to be filed to address these cases.

Ultimately, Plaintiff has not demonstrated that the Court's impartiality might reasonably be questioned in the light of the facts of this case. Plaintiff has not presented any extrajudicial evidence of bias and has relied on a claim of disparity in treatment based upon a prior adverse ruling. However, a court ruling does not ordinarily evidence bias. *See Clemens v. U.S. Dist. Ct. for Cent. Dist. of California*, 428 F.3d 1175, 1178–79 (9th Cir. 2005) (discussing matters not ordinarily sufficient for recusal, which includes "prior rulings in the proceeding, or another proceeding, solely because they were adverse"); *cf. Raiser v. Ventura Coll. of L.*, No. CV 09-254 RGK, 2014 WL 12774847, at *1 (C.D. Cal. July 25, 2014) ("All of plaintiff's complaints relate to the judge's or the Clerk's Office handling of his motions. As such, they provide no basis for

disqualification."). Finally, given the Court's reconsideration of its earlier ruling to ensure that Plaintiff was given a full opportunity to respond to cases newly raised in Defendants' reply brief, Plaintiff cannot demonstrate any prejudice.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Recusal and, upon *sua sponte* reconsideration, **GRANTS** the filing of Plaintiff's proposed Sur-Reply, ECF No. 173. Relatedly, the Court **VACATES** the hearing on the matter, currently scheduled for July 30, 2021.

**IT IS SO ORDERED.**

Dated: July 8, 2021

Hon. Gonzalo P. Curiel
United States District Judge