UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>              Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY,<br><br>              Defendant. | Case No.: 19-cv-00751-GPC<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO RECONSIDER AND VACATE ECF NO. 211** |

On July 24, 2021, Plaintiff Aaron Raiser ("Plaintiff") filed an ex parte Application for an Order declaring that Plaintiff would not need to pay costs. ECF No. 202. On July 26, 2021, Defendant San Diego County ("Defendant") responded in opposition requesting additional time to resolve the issue of costs. ECF No. 203. On August 12, 2021, this Court denied Plaintiff's ex parte Application for an Order declaring he would not have to pay costs, and granted an extension of time for Defendant to file a bill of costs. ECF No. 211. Pending before this Court is Plaintiff's ex parte Application for an Order to Reconsider and Vacate ECF No. 211. For the reasons set forth below, this Court will permit Plaintiff to file the Motion ex parte but **DENIES** Plaintiff's Application for an Order to Reconsider and Vacate ECF No. 211.

In his moving papers, Mr. Raiser asserts that "as a result of ECF 211 Plaintiff is being physically harmed in his health in not being able to visit his dentist due to having to save up money to pay the costs the court improperly ordered." ECF No. 216. Mr. Raiser's motion demonstrates a fundamental misreading of the Order Denying his Application for Order Declaring Plaintiff Does Not Have to Pay Costs. The clear language of the order denies Plaintiff's preemptive attempt to avoid the payment of costs. The Order finds that the application is premature in that a motion to tax costs had not yet been filed. At bottom, the Plaintiff's interpretation of the order demonstrates a failure to fairly read the Court's orders. As a result, Mr. Raiser is requesting relief based upon a faulty premise.

Contrary to Plaintiff's understanding, this Court's Order in ECF No. 211 was not an order that Plaintiff pay costs. At this time, no decision has been issued as to how much, if anything, Plaintiff will need to pay Defendants. ECF No. 211 simply directs the parties to follow the appropriate procedure for presenting information to the Court as to what costs are claimed and allows Plaintiff the opportunity to contest costs once those costs are made clear to the Court. *See* LR 54.1. This Court has merely ordered Plaintiff not to step outside the proper procedure for determining whether costs should be awarded or refused.

Once the Clerk of Court has issued an order taxing costs, and Plaintiff has filed a motion in opposition to retax costs (detailing his financial circumstances), this Court will have the full complement of papers on which to decide the issue.[1] At that time, the Court will evaluate the factors which augur for or against an award of costs. *Escriba v. Foster*

---

[1] Unfortunately, Mr. Raiser continues to make repeated and unsupported contentions that there is a conspiracy against him perpetuated by court staff. These pronouncements do not advance his legal position in this litigation and have the effect of diluting the legal arguments that Mr. Raiser seeks to advance.

2

*Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014)).[2] Thus, for the reasons detailed above, Plaintiff's Application for an Order Reconsidering and Vacating ECF No. 211 is **DENIED.** Plaintiff shall file any opposition to the bill of costs, including details of Plaintiff's indigence and monthly income if any, in accordance with the Court's Amended Schedule Regarding Bill of Costs, ECF No. 213.

**IT IS SO ORDERED.**

Dated:  September 13, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] The losing party must show why costs should not be awarded. *Save Our Valley*, 335 F.3d at 944-45. "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016)