UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY,<br><br>　　　　　　　　　Defendant. | Case No.: 19-cv-00751-GPC<br><br>**ORDER DENYING EX PARTE APPLICATION**<br><br>**[ECF No. 227]** |

　　　Pending before this Court is Plaintiff's ex parte Application for Order: (1) that Judge Curiel review the audio recording, exhibits, and briefing from Summary Judgment; (2) that Judge Curiel address each item in Plaintiff's Motions to Reconsider with formal legal analysis; (3) to continue Costs briefing; (4) for Judge Curiel to certify he has read Plaintiff's application and decided the matter without input from staff; and (5) request to exceed page limit.

　　　Plaintiff has again improperly filed an ex parte application requesting relief on issues that this Court has already conclusively decided. Plaintiff had the opportunity to fully brief his arguments at summary judgment, and was further able to fully brief his Motions for Reconsideration. Plaintiff also received a hearing on the Motions for

1

Reconsideration where he was able to expound on his arguments before this Court. ECF No. 223.

Plaintiff filed the instant ex parte Application on the same day that this Court issued its order regarding Plaintiff's Motions for Reconsideration of ECF Nos. 199 and 200. ECF No. 226. That Order definitively addresses Plaintiff's arguments, and Plaintiff is not entitled to further analysis from the Court. As the Court stated in the October 1, 2021 hearing, and in its Order (ECF No. 226), Plaintiff's remedy is now with the Ninth Circuit Court of Appeals. As for Plaintiff's repeated contentions that Judge Curiel has failed to properly consider Plaintiff's briefing and arguments, and that this Court must review the summary judgment exhibits and briefing, the Court declines to do so. As the Court stated directly and repeatedly to Plaintiff at the hearing, the Court has reviewed Plaintiff's papers.[1] The Court will not countenance any further requests from Plaintiff regarding these issues, as Plaintiff has already been afforded every opportunity to which he is entitled, and more, to argue these matters, and the Court has already addressed these issues fully and fairly. Plaintiff's personal dissatisfaction with the outcome does not entitle him to further analysis, review, or relief from this Court.[2]

---

[1] See, inter alia, Hr'g Tr. at 2:16-3:13 (summarizing what the Court has personally reviewed and that Judge Curiel's signature is itself certification that such review has been conducted); id. at 14:8-14:13 ("Sir, I personally read your motions . . . the notion that I am just willy-nilly turning over the keys to what this Court does to a young attorney are just beyond credulity. They are just baseless."); id. at 21:11 ("I did review your papers").

[2] Plaintiff's case is now docketed before the Ninth Circuit as No. 21-56003, subject to review by the Ninth Circuit as to whether it can proceed. As a general rule, the filing of a notice of appeal confers jurisdiction on the court of appeals and "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, the award of fees and costs "is a collateral issue over which the district court normally retains jurisdiction even after being divested of jurisdiction over the merits." *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992). Thus, even though the Court's Order on Plaintiff's

The Court further DENIES Plaintiff's request for costs briefing. Plaintiff's contention that the Court has not ruled on the motion to reconsider costs is incorrect. The Court issued its Order Denying Plaintiff's Ex Parte Application for Order to Reconsider and Vacate ECF No. 211 on September 14, 2021. ECF No. 218. In that Order, the Court explained that no determination as to costs has yet been made. Plaintiff is directed to read ECF No. 218. The Court clarifies that the issue of costs is now before the Clerk of Court, as detailed in Local Rule 54.1, and Plaintiff should follow the schedule set out in ECF No. 225. According to that schedule, a telephonic hearing regarding costs is set before the Clerk of Court for <u>October 25, 2021 at 11:00 AM</u>. Any opposition or responsive pleading from Plaintiff as to why costs should not be ordered against him, which should include details of his financial circumstances, is due <u>October 18, 2021.</u>

In conclusion, Plaintiff's ex parte Application is HEREBY DENIED as to all requests.

**IT IS SO ORDERED.**

Dated:  October 15, 2021

Hon. Gonzalo P. Curiel
United States District Judge

---

Motions to Reconsider provides final closure on the merits in this Court, and Plaintiff's appeal in the Ninth Circuit will divest this Court of jurisdiction to further entertain the merits, this Court retains jurisdiction to consider and determine the ancillary matter of costs. *See id.* ("It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction"); *Franklin v. Delta Air Lines*, 951 F.2d 359 (9th Cir. 1991) (unpublished table decision) (rejecting contention that district court did not have jurisdiction to tax costs).