UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>                                   Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, et al.,<br><br>                                   Defendants. | Case No.:  19-CV-751-GPC<br><br>**ORDER REGARDING COSTS**<br><br>**[ECF Nos. 234, 236, 237]** |

Defendants, as the prevailing party in the underlying action, filed a bill of costs on October 4, 2021. ECF No. 224. Plaintiff filed an Opposition and Request for No Costs on October 15, 2021. ECF No. 230. On October 25, 2021, the Clerk conducted a telephonic hearing to tax costs in this matter, which Plaintiff did not attend. ECF No. 235. On that same day, Plaintiff filed an Ex Parte Application asking, *inter alia*, for this Court to address Plaintiff's Request for No Costs (ECF No. 230). ECF No. 234. On October 27, 2021, the Clerk of Court taxed costs in favor of Defendant San Diego County in the amount of $742.00. ECF No. 235. On November 3, 2021, Plaintiff filed a further Ex Parte Application that the Court rule on the request for no costs. ECF No. 236. On November 5, 2021, Plaintiff filed another Ex Parte Application for Order requesting, *inter alia*, that this Court review Plaintiff's filings without any input from judicial staff.

ECF No. 237. Having considered Plaintiff's filings, and for good cause appearing, the Court GRANTS Plaintiff's request for no costs and DENIES Plaintiff's remaining requests.

## I. RELEVANT BACKGROUND

This Court has already summarized the factual background underlying Plaintiff's suit in detail elsewhere, and will not reiterate its entirety here. *See* ECF No. 200, Order Granting Summary Judgment in Favor of Defendants. The sole remaining issue before this Court is the taxation of costs.

Relevant to this issue, Plaintiff first filed an Ex Parte Application for an Order declaring that Plaintiff would not have to pay costs on July 24, 2021. ECF No. 202. On October 12, 2021, the Court denied the Application for an Order as premature because no costs had yet been taxed. ECF No. 211. Plaintiff then requested that the issue of costs be continued until after the Court had decided his then-pending Motions for Reconsideration (ECF Nos. 206, 207). ECF No. 212. The Court granted this request and denied Plaintiff's Motions for Reconsideration on October 12, 2021. ECF No. 213. On October 4, 2021, Defendant San Diego County submitted its bill of costs in the amount of $1,022.25 to cover fees for printed or electronically stored deposition transcripts. ECF No. 224. After the parties briefed the issue, the Clerk of Court conducted a telephonic hearing to tax costs, which Plaintiff did not attend, and subsequently issued an Order Taxing Costs in favor of Defendant San Diego County in the amount of $742.00. ECF No. 235.

Plaintiff argues that he has limited financial resources, as evidenced by the fact that he is proceeding *in forma pauperis* and is homeless. ECF No. 236-1 at 25. Plaintiff further argues that there is an economic disparity between the parties due to the County's superior financial resources, evidenced by the fact that the County could afford to hire a court reporter and videographer and Plaintiff could not. *Id.* Plaintiff also attached a declaration as to his income and expenses, which asserts that Plaintiff is self-employed

19-CV-751-GPC

and has a monthly average income of approximately $1050.00, and had an income of $940 in October. ECF No. 236-2 at 1. Plaintiff receives about $270 in food stamps per month. *Id.* Plaintiff reports the following assets: a Dodge Dart vehicle worth about $1500, a laptop computer "worth about $20 resale" and another spare laptop computer "worth about $80 resale." *Id.* Plaintiff is homeless and lives out of his Dodge Dart. *Id.* at 2. Plaintiff estimates that his expenses average around $1125 per month, which includes around $600 per month for food, $120 per month for gasoline, $155 per month for car expenses and insurance, $50 per month for his cell phone, $100 per month for medical and dental expenses, and $100 for miscellaneous expenses. *Id.* Plaintiff's expenses each month therefore meet or exceed his monthly income. *Id.* Plaintiff reports that he has savings of about $1150, and has no other source of money and no other material assets. *Id.* Finally, Plaintiff notes that, among other upcoming expenses, he has about $600 worth of anticipated dental expenses, $2500 in anticipated car repair expenses, and needs cancer screening, which he estimates will cost about $800. *Id.*

## II.   DISCUSSION

At the outset, the Court notes that Plaintiff's pending motions reiterate many of the same arguments on the merits that Plaintiff raised in his Motions for Reconsideration (ECF Nos. 206, 207). To the extent that the Court has already addressed these arguments in its previous Order (ECF No. 226) and at the hearing held on October 1, 2021 (ECF No. 223), this Court will not further entertain such arguments. This includes Plaintiff's requests that this Court "listen to the audio recordings from summary judgment" and re-read the summary judgment briefing. ECF No. 234-1 at 2. As this Court has previously explained, Plaintiff's recourse now lies with the Ninth Circuit. *See* ECF No. 232 (denying ECF No. 227 Ex Parte Application, which raised substantially similar arguments). Plaintiff's disagreement with the outcome in his case does not entitle Plaintiff to file duplicative motions requesting procedurally improper and unavailable relief. Contrary to

19-CV-751-GPC

1     Plaintiff's repeated and unsupported assertions, this Court has paid careful heed to

2     Plaintiff's filings and arguments, and has furthermore been consistently lenient in

3     entertaining ex parte applications by Plaintiff that might otherwise have been barred.[1] *See*

4     ECF No. 226 fns. 1, 7 (allowing Plaintiff to proceed with motions despite noncompliance

5     with Local Rules). Given this Court's previous rulings on Plaintiff's Motions to

6     Reconsider, the only remaining issue in this case is the matter of costs. Plaintiff's

7     requests not relating to costs are therefore DENIED.

8        **A.**     **Legal Standard Regarding Costs**

9        Federal Rule of Civil Procedure ("Rule") 54(d)(1) provides that generally, costs

10    other than attorney's fees shall be allowed to the prevailing party. Fed. R. Civ. Proc.

11    54(d)(1). The rule therefore creates a presumption in favor of awarding costs to

12    prevailing parties, but a district court has discretion to refuse to award costs. *Ass'n of*

13    *Mexican-American Educ. v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc).

14    However, a district court must specify its reasons for refusing to award costs. *Id.*

15    "Appropriate reasons for denying costs include: (1) the substantial public importance of

16    the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on

17    future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic

18    disparity between the parties. This is not an exhaustive list of good reasons for declining

19    to award costs, but rather a starting point for analysis." *Escriba v. Foster Poultry Farms,*

20

21

---

22    [1] The Court directly and definitively addressed the issue of its review at the October 1,

23    2021 hearing. The Court stated that "[u]ltimately, that is the practice of this Court, to review the moving papers, the responding papers, replies. I will consult with my law

24    clerks, but ultimately, the fact that the orders bear my signature are certification that this

25    Court has reviewed the files, reviewed the filings, the applicable law, and has made the ultimate decision that is rendered. That signature, then, affirms and confirms to the Ninth

26    Circuit Court of Appeals that the decision has been made by this Court." Hr'g Tr. at 2:21-

27    3:3. *See* Hr'g Tr. at 3:4-13 (discussing the Court's personal review of Plaintiff's filings).

28

*Inc.*, 743 F.2d 1236, 1247-48 (9th Cir. 2014) (internal quotation marks omitted) (citing *Ass'n of Mexican-American Educ.*, 231 F.3d at 591). A losing party need not demonstrate that all five factors weigh against imposing costs in order for the district court to properly deny costs to the prevailing party. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). "Costs are properly denied when a plaintiff would be rendered indigent" if forced to pay them. *Escriba*, 743 F.3d at 1248 (quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999).

## B. Plaintiff's Ability to Pay Costs

The Court finds that the fourth and fifth *Escriba* factors weigh against imposing costs against Plaintiff.[2] As to the fourth factor, Plaintiff's limited financial resources are apparent from his declaration. ECF No. 236-2. Furthermore, as Plaintiff notes, the fact that Plaintiff is homeless and lives out of his car is at the center of the underlying action. *Id.* at 1. Given that Plaintiff's monthly expenses exceed his monthly income, and that taxed costs of $742 would render Plaintiff further indigent, the Court finds that the fourth *Escriba* factor weighs against imposing costs against Plaintiff.

Significant economic disparity also exists between the parties. It is clear that Defendant San Diego County, as a public entity, has significantly greater resources than Plaintiff. *See Goolsby v. County of San Diego*, No. 17-cv-00564-WQH-NLS, 2020 WL 6361876, at *6 (S.D. Cal. Oct. 29, 2020) (finding that Defendant County's greater economic resources weighed against awarding it costs); *Berry v. City & Cnty. of San Francisco*, 2018 WL 5733680, at *3 (N.D. Cal. Oct. 29, 2018) (noting it is undisputed that Defendant City and County has "vastly greater resources" than Plaintiff). While the

---

[2] The Court finds that Plaintiff has failed to offer convincing arguments as to the public importance or closeness of the case, and therefore does not discuss these first two *Escriba* factors in detail. As to the closeness of the case in particular, Plaintiff's arguments here largely reiterate arguments that were rejected in his Motions for Reconsideration.

1    Court notes that the resources of the County are certainly not unlimited, the fact remains

2    that a wide disparity exists between the financial resources of Plaintiff and Defendant,

3    and therefore, the fifth *Escriba* factor also weighs against imposing costs against

4    Plaintiff.

5         The third *Escriba* factor, the potential chilling effect on future similar cases, is a

6    closer call. Plaintiff addresses this factor only briefly, arguing that "[a]s to the chilling

7    effect on future similar actions it [sic] that should go in Plaintiff's favor as to penalize

8    people for bringing a legitimate lawsuit over their civil rights would certainly chill others

9    from standing up for their rights also." ECF No. 236-1 at 25. On the one hand, courts in

10   the Ninth Circuit have found that claims under the Fourth Amendment might involve the

11   risk of a chilling effect to future civil rights litigants where indigent plaintiffs are forced

12   to pay an award of costs. *See Berry*, 2018 WL 5733680, at *2 (collecting cases).

13   However, *Berry* and its cited cases all involved awards of costs ranging from

14   approximately $8,000 to $23,000, and many of the cited cases in fact found that awards

15   of costs within that range would not have a chilling effect on future civil rights litigants.

16   Ultimately, the *Berry* court chose not to impose costs of $13,329.48 against Plaintiff, in

17   part because of a potential chilling effect on future similar cases. *Id.* On the other hand,

18   this Court has also previously held that costs of $3,119.58 would not inflict an

19   undesirable chilling effect on future civil rights litigants, even when imposed against an

20   indigent prisoner. *Williams v. Gore*, No. 15-cv-0654-AJB-PCL, 2017 WL 4960220, at *3

21   (S.D. Cal. Nov. 1, 2017) ("While there is no bright-line rule defining what precise

22   amount of costs would produce a chilling effect, the amount of costs here does not shock

23   this Court's judicial conscience."). In Plaintiff's case, the Clerk of Court taxed costs of

24   $742.00, an amount far below the costs discussed in *Williams* and its cited cases.

25   However, the Court recognizes that "[e]ven modest costs can discourage potential

26

27                                                    6

28                                                                    19-CV-751-GPC

1  plaintiffs who . . . earn low wages." *Berry*, 2018 WL 5733680, at \*2 (quoting *Escriba*,
2  743 F.3d at 1249).

3        Even though the third *Escriba* factor does not clearly weigh for or against the
4  imposition of costs in Plaintiff's case, the fourth and fifth *Escriba* factors plainly weigh
5  against the imposition of costs. Recognizing that a losing party need not prove that all
6  five *Escriba* factors weigh against imposing costs in order for a district court to deny
7  costs to the prevailing party, the Court therefore concludes that Plaintiff has sufficiently
8  rebutted the presumption in favor of awarding costs to Defendant County of San Diego
9  because two of the five *Escriba* factors weigh heavily against awarding costs to the
10 County.

11 **III.   CONCLUSION**

12       The Court HEREBY GRANTS Plaintiff's Motion to Re-Tax Costs (ECF No. 236).
13 The Court declines to award costs to Defendant County of San Diego in this action. The
14 Order of the Clerk of the Court Taxing Costs (ECF No. 235) is VACATED. All other
15 pending motions and applications by Plaintiff before this Court are DENIED.

16       **IT IS SO ORDERED.**

17 Dated:  November 10, 2021

18                                    Hon. Gonzalo P. Curiel
19                                    United States District Judge

20
21
22
23
24
25
26
27
28

7

19-CV-751-GPC